**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DATISHA HUNTER and LATRICIA HUNTER,   ) <br> AS THE COLLECTIVE REPRESENTATIVES   ) <br> UNDER FAIR LABOR STANDARDS ACT IN A   ) <br> COLLECTIVE ACTION, and as CLASS   ) <br> REPRESENTATIVES FOR PLAINTIFFS'   ) <br> STATE AND LOCAL LAW CLAIMS,   ) <br>   ) <br>           Plaintiffs,   ) <br>   ) <br>     v.   ) <br>   ) <br> WIRELESSPCS CHICAGO LLC, SKY NET   ) <br> WIRELESS IL LLC, HAMAD BROTHERS,   ) <br> INC., and MOHAMMED GHABEN, individually,   ) <br>   ) <br>           Defendants.   ) | Case No. 1:18-cv-980 <br><br> Judge <br><br> Magistrate Judge <br><br> **Jury Demanded** |

**CLASS ACTION COMPLAINT**

Datisha Hunter and Latricia Hunter ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against Wirelesspcs Chicago LLC, Sky Net Wireless IL LLC, Hamad Brothers, Inc., and Mohammed Ghaben, individually (collectively "Defendants") state as follows:

**Nature of the Case**

1.    Plaintiffs, Datisha Hunter and Latricia Hunter, allege and will prove individually and on behalf of themselves and other similarly-situated current and former employees of the Defendants that they, under federal, state, and local wage laws, are entitled to be paid for all hours worked and to receive minimum wage and all earned wages.

2.    Plaintiffs bring their claims as a collective action pursuant to Section 216(b) of the FLSA. *See* Plaintiffs' Consent to Represent, attached hereto as Group Exhibit A. Plaintiffs

will also seek to certify their state law claims as a class action pursuant to Fed. R. Civ. P. 23(a) and (b).

3.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), Cook County Minimum Wage Ordinance, 42-13 *et seq.*("CCMWO"); and Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-020 *et seq.* ("CMWO") for Defendants': 1) failure to pay Plaintiffs and other similarly situated employees minimum wages for all time worked in violation of the FLSA, the IMWL, CCMWO, and CMWO; 2) failure to pay Plaintiffs and other similarly situated employees overtime wages for all hours worked over forty (40) in individual workweeks in violation of the FLSA, the IMWL, CCMWO, and CMWO; and 3) failure to pay Plaintiffs and other similarly situated employees for all time worked. Plaintiffs also bring claims Defendants': and 4) retaliating against Ms. Datisha Hunter when she complained of wage violations by firing her.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b) known as the Fair Labor Standards Act and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district as the Plaintiffs worked for the Defendants in the Northern District of Illinois and the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction. 28 U.S.C. §1391(b).

**Parties**

6. At all relevant times, Plaintiffs Datisha Hunter and Latricia Hunter have:

    a. resided in the state of Illinois and within this judicial district;

    b. handled goods that moved in interstate commerce; and

    c. been an "employee" of Defendants as defined by the FLSA, 29 U.S.C.
    §203(d), the IWPCA, 820 ILCS 115/2, and the IMWL, 820 ILCS
    105/3(d).

7. During the relevant time period, Defendants are and have been a joint employer:

    a. Wirelesspcs Chicago LLC is an Illinois limited liability company with its
    principal place of business located at 14537 S. Military Trail, Suite B,
    Delray Beach, FL 33484;

    b. Sky Net Wireless IL LLC was an Illinois limited liability company with its
    principal place of business located at 14537 S. Military Trail, Suite B,
    Delray Beach, FL 33484;

    c. Hamad Brothers, Inc. is an Illinois domestic corporation; and

    d. Upon and information belief, Mohammed Ghaben is the co-owner of the
    three entities referenced above.

8. During the relevant time period, Wirelesspcs Chicago LLC, Sky Net Wireless IL
LLC, and Hamad Brothers, Inc. have:

    a. been a corporation organized under the laws of the State of Illinois with
    offices in this judicial district;

    b. conducted business within this judicial district;

    c. been an "enterprise engaged in commerce or in the production of good for
    commerce" within the definitions of §3(r) and §3(s) of the Fair Labor
    Standards Act of 1938, as amended, 29 U.S.C. §§203(r), (s);

    d. employed employees in commerce within the meaning of §§3(b), 3(I), and
    3(j) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.
    §§203 (b), (I), (j),

e.      jointly been Plaintiffs' "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/1 *et seq.*

9.      Defendants operate a metroPCS franchise at several locations (the "Locations") throughout the Chicagoland area:

a.      3631 W. 63rd St, Chicago, IL 60629

b.      6247 S. Pulaski Rd., Chicago, IL 60629

c.      4733 S. Ashland Ave., Chicago, IL 60609

d.      5901 S. Morgan St., Chicago, IL 60621

e.      849 W. 115 St., Chicago, IL 60643

f.      4300 W. Fullerton Ave., Chicago, IL 60639

g.      6005 W. Diversey Ave., Chicago, IL 60634

h.      12301 S. Halsted, Chicago, IL 60628

i.      8550 S. Harlem Ave., Bridgeview, IL 60455

j.      Sacramento Ave., Chicago, IL (closed)

9.      Defendants would assign Plaintiffs to work at any of its Locations, depending on their needs.

10.     Mohammed Ghaben is responsible and is a decision-maker and/or enforcer of the decision to pay Plaintiffs and Class via the policies and procedures described herein, thus Mohammed Ghaben is personally liable for the owed wages.

**Factual Background**

11.     Defendants run and operate a metroPCS franchise at several Locations.

12.     Defendants failed to conspicuously post a notice of employee rights as required under the FLSA, IMWL, CCMWO, and CMWO at any of their Locations.

13. Defendants failed to inform Plaintiffs of their employee rights under the FLSA, IMWL, CCMWO, and CMWO.

14. On information and belief, Defendants failed to inform Class of their employee rights under the FLSA, IMWL, CCMWO, and CMWO.

15. Defendants hired each plaintiff as follows:

   a. Around November 2016, Defendants hired Ms. Datisha Hunter as a sales associate, selling services and products to customers.

   d. Around February 2017, Defendants hired Ms. Latricia Hunter as a sales associate, selling services and products to customers.

16. Defendants paid the Plaintiffs and Class some regular wages for their work. However, that rate was not always as high as the applicable minimum wage. Further, that rate was not always for all the hours worked.

17. In any given week, Ms. Latricia Hunter worked as few as 9.0 hours and as many as 50.25 hours for defendants, while Ms. Datisha Hunter worked as few as 27.25 hours and as many as 63.75 hours.

18. Defendants typically had one shift at each Location, open until close, 10:00 a.m. to 7:00 p.m. While each Location technically closes at 7:00 p.m., employees still had to finish serving customers who were in the store at 7:00 p.m. and then complete closing duties, frequently 15 minutes later each night, and sometimes later if it was particularly busy.

19. Furthermore, the Plaintiffs and Class worked without a lunch break. Typically, one employee was assigned to each of the Locations for a full shift each day, 10:00 a.m. to 7:00 p.m.

20. Ms. Datisha Hunter usually worked 7 days a week while Ms. Latricia Hunter usually worked 5-6 days a week.

21.     Moreover, during weeks when Ms. Datisha Hunter and Ms. Latricia Hunter worked more than forty hours, they were usually not paid overtime wages at one and one-half times their regular rate of pay.

22.     On information and belief, Defendants failed to pay Class overtime wages at one and one-half times their regular rate of pay.

23.     Defendants' failure to pay Plaintiffs and Class one and a half times their regular rate of pay for all hours worked in excess of 40 hours per week violated the Fair Labor Standards Act of 1938, as amended.

24.     In or about August 2017, Ms. Latricia Hunter's employment with Defendants ended after she complained about wage payment issues.

25.     Defendants used a computerized timekeeping system, however, upon information and belief Defendants altered that time when paying Plaintiffs and Class.

26.     There are several weeks for which Defendants never paid Plaintiffs and Class anything for any time worked.

**CLASS ALLEGATIONS**

27.     Plaintiff will seek to certify the state law claims arising under the IMWL for Illinois-mandated minimum wages (Count III) and overtime wages (Count IV); those arising under the CCMWO for Cook County-mandated minimum wages (Count V) and overtime wages (Count VI); and those arising under the CMWO for Chicago-mandated minimum wages (Count VII) and overtime wages (Count VIII) as class claims. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes where applicable and to direct the Defendants to account for all time worked and wages paid to the class members during the temporality of the class.

28.     The "Class Period" is defined as any time since February 7, 2015 to the entry of judgment in this case.

29.     The minimum wage rate for the Class Period under:

a.  federal law is $7.25 per hour. 29 U.S.C. § 206.

b.  Illinois law is $8.25 per hour. 820 ILCS 105/4(a)(1).

c.  Cook County ordinance is $10.00 per hour from July 1, 2017 through June 30, 2018 and $11.00 per hour from July 1, 2018 through June 30, 2018. Cook County Minimum Wage Ordinance, Ord. No. 16-5768, § 42-13(a) and (b).

d.  Chicago ordinance is $10.00 per hour from July 1, 2015 through June 30, 2016; $10.50 per hour from July 1, 2016 through June 30, 2017; and $11.00 per hour from July 1, 2017 through June 30, 2018. Chicago Municipal Code 1-24-020 (a)-(c).

30.     Counts III through VIII are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

a.  The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed at least 65 employees during the respective Class Period;

b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

i.  Whether Plaintiff and the Class are Defendants' employees;

    ii.   Whether Defendants failed to pay Plaintiff and the Class the mandated minimum wage for all time worked in individual work weeks during the Class Period;

    iii.   Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the Class Period;

c.   The class representatives and the members of the class have been equally affected by Defendants' failure to pay Illinois minimum wages, overtime wages, and other earned wages;

d.   Members of the class will be reluctant to bring forth claims for unpaid wages for fear of retaliation; and

e.   The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

31.   Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**Count I**
**Violation of the FLSA – Minimum Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Section 216(b) Collective Action**

32.   Plaintiffs incorporate and re-allege paragraphs 1 through 31 as though set forth herein.

33.     This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs and other similarly situated workers for all time worked which resulted in being paid less than the federally required minimum wage.

34.     Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

35.     Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

36.     Plaintiffs and other similarly situated employees were entitled to be compensated at least at the federal minimum wage rate pursuant to the FLSA.

37.     Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees at least at the federal minimum wage rate for all time worked.

38.     Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A.      That the Court determines that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.      A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of Defendants;

C.      Liquidated damages in the amount equal to the unpaid minimum wages;

D.      That the Court declare that Defendants violated the FLSA;

E.      That the Court enjoin Defendants from violating the FLSA;

C.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the FLSA – Overtime Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Section 216(b) Collective Action**

39.    Plaintiffs incorporate and re-allege paragraphs 1 through 38 as though set forth herein.

40.    This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

41.    Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

42.    Plaintiffs were not exempt from the overtime provisions of the FLSA.

43.    Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

44.    Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

45.    Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

46.    Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

47.    Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

48.     Defendants willfully violated the Fair Labor Standards Act of 1938, as amended.

49.     Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A.     That the Court determines that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.     A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.     A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

D.     Liquidated damages in the amount equal to the unpaid wages;

E.     That the Court declare the Defendants violated the FLSA;

F.     That the Court enjoin Defendants from continuing to violate the FLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.     Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the IMWL – Minimum Wages**
**Plaintiff on behalf of himself and similarly situated employees**
**Class Action**

50.     Plaintiffs incorporate and re-allege paragraphs 1 through 49 as though set forth herein.

51.     This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs and similarly situated employees at least the Illinois-mandated minimum wages for all time worked in individual work weeks.

52.     Plaintiffs were directed to work by Defendants and, in fact, did work but were not compensated at least at the Illinois minimum wage rate for all time worked.

53.     Other similarly situated employees, likewise, were directed to work by Defendants and did work but were not compensated at least at the Illinois minimum wage rate for all time worked.

54.     Pursuant to 820 ILCS 105/4, Plaintiffs and other similarly situated employees were entitled to be compensated at least the then applicable Illinois-mandated minimum wage rate for all time worked.

55.     Defendants violated the IMWL by failing to compensate Plaintiffs and other similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

56.     The Class that Plaintiffs seek to represent in regard to the minimum wages claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants as sales staff employees since February 7, 2015 to the date a final judgment is entered in this matter.

WHEREFORE, Plaintiffs and the Class they seek to represent pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all minimum wages due to Plaintiffs and the Class as provided by the IMWL;

C.     Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendants have violated the IMWL;

E.     That the Court enjoin Defendants from violating the IMWL;

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 et seq.;

G.  Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the IMWL – Overtime Wages**
**Plaintiff on behalf of themselves and similarly situated employees**
**Class Action**

57.  Plaintiffs incorporate and re-allege paragraphs 1 through 56 as though set forth herein.

58.  This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs and similarly situated employees the overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

59.  Plaintiffs were, at all times for which this Complaint seeks unpaid overtime, an "employee" within the definition of §3(d) of the Illinois Minimum Wage Law. 820 ILCS 105/3(d).

60.  Defendants were, at all times for which this Complaint seeks unpaid overtime, an "employer" within the definition of §3(c) of the Illinois Minimum Wage Law. 820 ILCS 105/3(c).

61.  Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

62.  Plaintiffs were not exempt from the overtime provisions of the IMWL.

63.  Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

64.  Defendants did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

65. Defendants' failure to pay Plaintiffs one and a half times their regular rate of pay for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

66. Plaintiffs and members of the class are entitled to recover unpaid wages for the duration of the IMWL Class Period, from three (3) years prior to the filing of the lawsuit up until the entry of judgment on this case.

67. The Class that Plaintiffs seek to represent in regard to the overtime claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants as janitorial employees since March 26, 2011 to the date a final judgment is entered in this matter.

WHEREFORE, Plaintiffs and the Class they seek to represent pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid overtime wages for Plaintiff and the Class as provided by the IMWL;

C. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a) (2% of the amount of any such underpayment for each month following the date of payment during which such underpayment remains unpaid);

D. That the Court declare the Defendants violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12(a), and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the CCMWO – Minimum Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action**

68. Plaintiffs incorporate and re-allege paragraphs 1 through 67 as though set forth herein.

69. This Count arises from Defendants' violation of the Cook County Minimum Wage Ordinance ("CCMWO") for Defendants' failure to pay Plaintiffs and other similarly situated workers for all time worked which resulted in being paid less than the Cook County required minimum wage.

70. Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the Cook County minimum wage rate for all time worked.

71. Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

72. Plaintiffs and other similarly situated employees were entitled to be compensated at least at the Cook County minimum wage rate pursuant to the CCMWO.

73. Defendants violated the CCMWO by failing to compensate Plaintiffs and other similarly situated employees at least at the Cook County minimum wage rate for all time worked.

74. Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violation of the CCMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the difference between the Cook County-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of Defendants;

15

C.    Liquidated damages in the amount equal to twice the unpaid minimum wages;

D.    That the Court declare that Defendants violated the CCMWO;

E.    That the Court enjoin Defendants from violating the CCMWO;

F.    Reasonable attorneys' fees and costs of this action as provided by the CCMWO; and

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Violation of the CCMWO – Overtime Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action**

75.    Plaintiffs incorporate and re-allege paragraphs 1 through 74 as though set forth herein.

76.    This Count arises from Defendants' violation of the CCMWO for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

77.    Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

78.    Plaintiffs were not exempt from the overtime provisions of the CCMWO.

79.    Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

80.    Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

81.    Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CCMWO.

82.    Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

16

83.     Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CCMWO.

84.     Defendants willfully violated the CCMWO.

85.     Plaintiffs and other similarly situated employees  are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the CCMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A.      That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.      A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.      A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

D.      Liquidated damages in the amount equal to twice the unpaid minimum wages;

E.      That the Court declare the Defendants violated the FLSA;

F.      That the Court enjoin Defendants from continuing to violate the FLSA;

G.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

H.      Such other and further relief as this Court deems appropriate and just.

### COUNT VII
### Violation of the CMWO – Minimum Wages
### Plaintiffs on behalf of themselves and similarly situated employees
### Class Action

86.     Plaintiffs incorporate and re-allege paragraphs 1 through 85 as though set forth herein.

87. This Count arises from Defendants' violation of the Chicago Minimum Wage Ordinance ("CMWO") for Defendants' failure to pay Plaintiffs and other similarly situated workers for all time worked which resulted in being paid less than Chicago required minimum wage.

88. Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the Chicago minimum wage rate for all time worked.

89. Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the Chicago minimum wage rate for all time worked.

90. Plaintiffs and other similarly situated employees were entitled to be compensated at least at the Chicago minimum wage rate pursuant to the CMWO.

91. Defendants violated the CMWO by failing to compensate Plaintiffs and other similarly situated employees at least at the Chicago minimum wage rate for all time worked.

92. Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violation of the CMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the difference between the locally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of Defendants;

C. Liquidated damages in the amount equal to twice the unpaid minimum wages;

D. That the Court declare that Defendants violated the CMWO;

E.     That the Court enjoin Defendants from violating the CMWO;

F.     Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the CMWO – Overtime Wages
### Plaintiffs on behalf of themselves and similarly situated employees
### Class Action

93.     Plaintiffs incorporate and re-allege paragraphs 1 through 92 as though set forth herein.

94.     This Count arises from Defendants' violation of the CMWO for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

95.     Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

96.     Plaintiffs were not exempt from the overtime provisions of the CMWO.

97.     Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

98.     Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

99.     Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CMWO.

100.     Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

101.    Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CMWO.

102.    Defendants willfully violated the CMWO.

103.    Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the CMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A.    That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.    A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

D.    Liquidated damages in the amount equal to twice the unpaid minimum wages;

E.    That the Court declare the Defendants violated the CMWO;

F.    That the Court enjoin Defendants from continuing to violate the CMWO;

G.    Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

H.    Such other and further relief as this Court deems appropriate and just.

**COUNT IX**
**Violation of the FLSA – Retaliation**
**Plaintiff Latricia Hunter**

104.    Plaintiffs incorporate and re-allege paragraphs 1 through 103 as though set forth herein.

105.    In July 2017, Plaintiff Latricia Hunter did not receive a paycheck from Defendants.

106.    She complained to Mr. Mo Hamad, her boss and agent for each employer, that she was not paid.

107.    Mr. Mo Hamad did not remedy the situation.

108.    On information and belief Mr. Mo Hamad is actually Mohammed Ghaben.

109.    By August 2017, Plaintiff Latricia Hunter's paychecks were still irregularly issued and commissions were missing from her check, so she complained again to Mr. Mo Hamad by text on August 11, August 17, and August 24, 2017.

110.    Mr. Mo Hamad paid her cash for some of the wages due, but did not give her any of the commissions due.

111.    Mr. Hamad removed Plaintiff Latricia Hunter from the schedule, constructively discharging her from her employment with Defendants.

112.    Plaintiff Latricia Hunter questioned Mr. Mo Hamad regarding her schedule on August 27 and September 3, 2017, to no avail.

113.    A man named Ali Anaz had installed the new POS system for Defendants and had identified himself as Mr. Hamad's boss. Thus, Ms. Latricia Hunter texted him about the wage violations on September 13 and 18, 2017, to no avail.

114.    Defendants fired Ms. Latricia Hunter because of her complaints of wage violations.

115.    Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the FLSA to Defendants.

116.    Defendants terminated Plaintiff Latricia Hunter in retaliation for making internal complaints to Defendants regarding Defendants' failure to properly pay in violation of Section 215(a)(3) of the FLSA.

117.    Defendants willfully violated the anti-retaliation provisions of the FLSA.

118.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

119.    WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants as follows:

A.    Entering a finding that Defendants have violated the anti-retaliation provisions of the FLSA by firing Plaintiff Latricia Hunter;

B.    Awarding Plaintiff Latricia Hunter the value of all lost compensation and benefits as a result of Defendants' unlawful conduct;

C.    Awarding Plaintiff Latricia Hunter the value of compensation and benefits she will lose in the future, as a result of Defendants' unlawful conduct;

D.    Awarding Plaintiff Latricia Hunter liquidated damages equal to the lost wages;

E.    Awarding Plaintiff Latricia Hunter reinstatement;

F.    Awarding Plaintiff Latricia Hunter damages for emotional distress;

G.    Awarding Plaintiff Latricia Hunter compensatory damages;

H.    Reasonable attorneys' fees and costs of this action;

I.    Awarding Plaintiff Latricia Hunter pre-judgment interest;

J.    Awarding Plaintiff Latricia Hunter punitive damages; and

K.     Such other and further relief as this Court deems appropriate and just.

**COUNT X**
**Violation of the IWPCA – Retaliation**
**Plaintiff Latricia Hunter**

120.     Plaintiffs incorporate and re-allege paragraphs 1 through 119 as though set forth herein.

121.     Plaintiff Latricia Hunter complained of wage violations under the Illinois Wage Payment and Collection Act ("IWPCA") to Defendants.

122.     Defendants fired Plaintiff Latricia Hunter because of her complaints of wage violations.

123.     Defendants retaliated against Plaintiff Latricia Hunter in violation of the IWPCA by firing her because she complained of unlawful actions under the IMWL.

124.     Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the IWPCA to Defendants pursuant to 820 ILCS 115/14(c).

125.     Defendants terminated Plaintiff Latricia Hunter in retaliation for making internal complaints to Defendants regarding Defendants' failure to properly pay in violation of the IWPCA. 820 ILCS 115/14(c).

126.     Defendants willfully violated the anti-retaliation provisions of the IWPCA.

127.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the IWPCA, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

128.     WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants as follows:

A.     Entering a finding that Defendants have violated the anti-retaliation provisions of the IWPCA by firing Plaintiff Latricia Hunter;

B.     Awarding Plaintiff Latricia Hunter the value of all lost compensation and benefits as a result of Defendants' unlawful conduct;

C.      Awarding Plaintiff Latricia Hunter the value of compensation and benefits she will lose in the future, as a result of Defendants' unlawful conduct;

D.      Awarding Plaintiff Latricia Hunter liquidated damages equal to the lost wages;

E.      Awarding Plaintiff Latricia Hunter reinstatement;

F.      Awarding Plaintiff Latricia Hunter damages for emotional distress;

G.      Awarding Plaintiff Latricia Hunter compensatory damages;

H.      Reasonable attorneys' fees and costs of this action;

I.      Awarding Plaintiff Latricia Hunter pre-judgment interest;

J.      Awarding Plaintiff Latricia Hunter punitive damages; and

K.      Reasonable attorneys' fees and costs of this action; and

L.      Such other and further relief as this Court deems appropriate and just.

**COUNT XI**
**Violation of the CCMWO – Retaliation**
**Plaintiff Latricia Hunter**

129.    Plaintiffs incorporate and re-allege paragraphs 1 through 128 as though set forth herein.

130.    Plaintiff Latricia Hunter complained of wage violations under the CCMWO to Defendants.

131.    Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the CCMWO to Defendants pursuant to Sec. 42-20.

132.    Defendants fired Plaintiff Latricia Hunter because of her complaints of CCMWO wage violations.

133.    Defendants retaliated against Plaintiff Latricia Hunter in violation of the CCMWO by firing her because she complained of unlawful actions under the CCMWO.

134.    Defendants terminated Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of the CCMWO. *Sec. 42-20.*

24

135.     Defendants willfully violated the anti-retaliation provisions of the CCMWO.

136.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the CCMWO, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

137.     WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants as follows:

A.     A judgment in the amount of the monetary and/or other economic harm Ms. Hunter suffered as a result of the illegal termination;

B.     Treble damages;

C.     Reasonable attorneys' fees and costs of this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT XII**
**Violation of the CMWO – Retaliation**
**Plaintiff Latricia Huner**

138.     Plaintiffs incorporate and re-allege paragraphs 1 through 137 as though set forth herein.

139.     Plaintiff Latricia Hunter complained of wage violations under the CMWO to Defendants.

140.     Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the CMWO to Defendants pursuant to 1-24-080.

141.     Defendants fired Plaintiff Latricia Hunter because of her complaints of CMWO wage violations.

142.     Defendants retaliated against Plaintiff Latricia Hunter in violation of the CMWO by firing her because she complained of unlawful actions under the CMWO.

143.     Defendants terminated Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of the CMWO. 1-24-080.

144.     Defendants willfully violated the anti-retaliation provisions of the CMWO.

145.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the CMWO, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

146.     WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants as follows:

A.     A judgment in the amount of the monetary and/or other economic harm Ms. Hunter suffered as a result of the illegal termination;

B.     Liquidated damages in the amount equal to twice the unpaid minimum wages;

C.     Reasonable attorneys' fees and costs of this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT XII**
**Violation of the Illinois Whistleblower Act**
**Plaintiff Latricia Hunter**

147.     Plaintiffs incorporate and re-allege paragraphs 1 through 146 as though set forth herein.

148.     Plaintiff Latricia Hunter complained of wage violations to Defendants.

149.     Defendants fired Plaintiff Latricia Hunter because of her complaints of illegal wage violations.

150.     Defendants retaliated against Plaintiff Latricia Hunter in violation of the Illinois Whistleblower Act, 740 ILCS 174 *et seq*., by firing her because she complained of unlawful actions.

151.    Defendants' termination of Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of the Illinois Whistleblower Act.

152.    Defendants knew or showed reckless disregard for the fact that their conduct was prohibited by law.

153.    Defendants' violation of the Illinois Whistleblower Act in terminating Plaintiff Latricia Hunter was willful, for which Plaintiff Latricia Hunter is entitled to an award of punitive and/or liquidated damages.

154.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

155.    As a direct and proximate result of Defendants' unlawful conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, stress and anxiety, embarrassment, loss of self-esteem and self-confidence, and emotional pain and suffering for which she in entitled to an award of monetary damages and other relief.

156.    WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants as follows:

A.    Reinstatement;

B.    Back pay with interest;

C.    Front pay for a reasonable period of time;

D.    Liquidated damages;

E.    Reasonable attorneys' fees and costs of this action; and

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT XIII
## Violation of the Common Law – Retaliatory Discharge
## Plaintiff Latricia Hunter

157.     Plaintiffs incorporate and re-allege paragraphs 1 through 156 as though set forth herein.

158.     Plaintiff Latricia Hunter complained of wage violations to Defendants.

159.     Defendants fired Plaintiff Latricia Hunter because of her complaints of illegal wage violations.

160.     Defendants retaliated against Plaintiff Latricia Hunter in violation of Illinois common law, by firing her because she complained of unlawful actions.

161.     Defendants terminated Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of Illinois common law.

162.     Defendants knew or showed reckless disregard for the fact that their conduct was prohibited by law.

163.     Defendants' violation of the Illinois common law in terminating Plaintiff Latricia Hunter was willful, for which Plaintiff Latricia Hunter is entitled to an award of punitive and/or liquidated damages.

164.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

165.     As a direct and proximate result of Defendants' unlawful conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, stress and anxiety,

embarrassment, loss of self-esteem and self-confidence, and emotional pain and suffering for which she in entitled to an award of monetary damages and other relief.

166.     WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants as follows:

A.     Reinstatement;

B.     Back pay with interest;

C.     Front pay for a reasonable period of time;

D.     Emotional distress damages;

E.     Liquidated damages;

F.     Reasonable attorneys' fees and costs of this action; and

G.     Such other and further relief as this Court deems appropriate and just.

**Jury Demand**

Plaintiffs hereby respectfully demand a jury trial on all counts.

Dated:  February 7, 2018

Respectfully submitted,

By:     /s/ Antoinette Choate
One of Plaintiffs' Attorneys

Antoinette Choate
Bradley S. Levison
Choate Herschman Levison, LLC
401 S. LaSalle St., Suite 1302G
Chicago, IL 60605
(312) 870-5800
(312) 674-7421 (fax)
ac@law-chl.com
bl@law-chl.com