MADUFF & MADUFF, LLC
ATTORNEYS AT LAW
3295 N. ARLINGTON HEIGHTS RD ◆ SUITE 104
ARLINGTON HEIGHTS, ILLINOIS 60004
(TEMPORARY ADDRESS)
PHONE 312-276-9000
FAX 312-276-9001

Bradley Levison, Esq.
Antoinette Choate, Esq.
Herschman Levison Hobfoll, PLLC
401 S. LaSalle St., Suite 1302G
Chicago, Illinois 60605
**VIA EMAIL:** brad@hlhlawyers.com, annechoate@gmail.com

Re: Suspension of Questions in the Depositions of Moeen and Saed Khalil

Dear Counsel:

As you know, we finally got the transcripts of the Khalil depositions at the end of last week. During the course of those depositions, I felt compelled to suspend them for the purpose of seeking a protective order. I have now had an opportunity to review them and wanted to make one last effort to resolve our differences before filing the motion.

During the course of those depositions, you put Messrs. Khalis' personal mortgages on the screen and used them as exhibits. Both witnesses were very sensitive about personal information sought related to their homes, their wives, and their personal income and assets. Questions were suspended where I believe they were: 1) Neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; *and* 2) which were upsetting to the witnesses. (Where you could demonstrate relevance, I pressed the witnesses for an answer despite the fact that it was upsetting to them. Where the question was not relevant, but it did not appear to upset the witness, the question was answered.)

Having now had the opportunity to go through the depositions, I wanted to address the particular questions. To the extent that you are willing to withdraw a particular question, I do not need to seek protection from the Court. To the extent that you can show me the relevance of the questions, I am prepared to reconsider my position (balancing the relevance and burden) and potentially to provide information to satisfy your needs.

Let me start by noting that the source of the suspension are those questions which were directed at the brothers' homes, wives, or personal assets. The Court put it best in *Dent v. U.S. Tennis Association*, 2010 WL 1286391, *1 (E.D.NY, March 30, 2010):

> [Q]uestions concerning the deponent's compensation and net worth concern private matters that ordinarily enjoy a measure of protection in litigation, including some demonstration of relevance before disclosure is required. Questions about these matters tend to be annoying and embarrassing, and in the absence of relevance, may be unreasonably so. … Net worth is only relevant if there is a finding that punitive

damages should be awarded. As a result, courts typically do not permit discovery concerning net worth until the jury has made such a finding. Ability to satisfy a judgment only becomes relevant after a judgment is entered, and therefore does not provide any basis for discovery pre-judgment.

Neither punitive damages, nor ability to satisfy a judgment are relevant in this case. First, the FLSA and corollary state law and city and county ordinance claims provide relief on the basis of liquidated damages, not punitive damages. Moreover, those damages remain the same irrespective of a defendant's income or worth. As a result, there can never be a finding that punitive damages should be awarded such as to make either of Messer's. Khalil's personal property or assets relevant. Second, as I specifically noted in Moeen Khalil's deposition "You do not have a judgment against this witness. This is not a citation to discover assets."

Listed herein, are the specific questions from each deposition and my concerns. To the extent you are willing to withdraw the question, there is no need to address my concerns further. Simply confirm that you are withdrawing the question.

<u>Moeen Khalil Deposition</u>

1. **"Where do live?" and "I would like your home address please."**

As to these two questions, it was the witness who raised concerns. My effort after the first was to ask Mr. Khalil if he would share his City and State. He provided that and you asked the second. As you later put his personal mortgage on the screen, you apparently had that information anyway, but the question clearly upset him for the reasons we discussed. In any event, at 11:07, Judge Jantz's Deputy sent us an email stating that Mr. Khalil did not have provide his home address. I therefore suggest that she has already ruled on this question.

2. **"What is your spouse's name?" and "Moeen is your wife – and I apologize if I misstate her – how to say her name – Wejdan, W-E-J-D-A-N? And if I mispronounce it, please, I would like to know the correct pronunciation of her name."**

Before I said anything, Mr. Khalil inquired as to whether he needed to answer the question. He was clearly disturbed by it. Why is the information relevant? Why do you need more information than you have?

3. **"Have you ever owned 10916 El Caballo Court, Delray Beach Florida?"**

This appears to be another effort to get at his home and assets which disturbed him. Why is the information relevant? Why do you need more information than you have?

4. **"And Moeen, do you live at 12889 Pennell, P-E-N-N-E-L-L, Pines Road, Boynton Beach, Florida?"**

Again, I believe that Judge Jantz' has already ruled that Mr. Khalil did not need to provide his home address.

5. **"Moeen do you recognize Exhibit 1?"**

Exhibit 1 was the mortgage to his personal home. It was apparent from his demeanor that by putting it on the screen and marking it as an exhibit, you significantly upset him. Furthermore, he was taken completely by surprise as this document had never been produced to us. Why is it relevant whether he recognizes it, particularly given that Judge Jantz has already said that he did not need to provide his address?

6. "**What are you currently invested in as part of you being an investor?"**

Again, before I could make my objection, Mr. Khalil stated "I won't answer that question." I did specifically exclude from my objection anything related to WirelessPCS, Chicago, LLC and Skynet Wireless, IL, LLC. I noted that it sounded like you were asking for his personal investments and financial situation and suspended as to those points. And I specifically stated, "If I am misunderstanding your question, please clarify." You declined to clarify. Of what relevance are his personal investments, particularly his ***current*** investments?

7. **"Sir do you receive any W-2 wages currently?" and "Okay, So again, I repeat. My question is you have – if you're receiving any W-2 wages currently?"**

This is again part of personal assets and income. What relevance does this bear on case at hand, again, particularly given that you are asking for ***current*** income?

8. **"What money were you paid for being an investor in Skynet Wireless in Florida?"**

As you know (at least from the depositions taken thus far, but I believe from written discovery before that), Skynet Wireless Florida, LLC is a distinct entity. It has its own incorporation, its own bank accounts, and its own stores, none of which were or are in Illinois. Why is the information relevant? Moreover, how did you expect him to answer this very broad question? (How do you define "What money"?)

9. **"Are you currently an employee of any of the companies listed in Exhibit 4?" and "Sir, any of the companies on Exhibit 4, are you currently invested in them?"**

You are here again asking about ***current*** income. Moreover, Exhibit 4 was a list pulled from the Florida Secretary of State website. It was never provided to us, and it was a complete surprise to find it used in the deposition. It consisted of some 60 companies, many of which had been closed and out of business decades earlier and the vast majority of which had nothing to do with the Wireless business at all. Why is the information relevant?

10. **"And where do you work presently? What is the address?"**

This question needs some context. The prior question was "Do you currently have an office that you work out of?" The answer was "I work from home." Therefore, when you ask this question, you were clearly asking for his home address. By this time, we had received the email from the Court stating that he did not have to provide his home address. This is purely an effort to get under the witness' skin and I respectfully ask you to withdraw it.

11. **"When did you sell Phillip's Mart?"**

As you gathered from the prior questions, Phillip's Mart was a grocery store that Mr. Khalil owned decades ago. With respect to this question, because I did not know what other information you had and thought there might be something you were going after, I specifically noted "If you have something else that it relates to, I'm happy to hear." I was and am open to understanding how that might be relevant so I could consider the situation. You declined to provide any context for relevance. Why is the information relevant? Why do you need more information than you have?

12. **"What stores do you have in South Florida?"**

You know that my clients are particularly sensitive about their Florida assets. However, as with the prior question, I was curious if there were some relevance to consider. I noted "I'm going to object to the question as going after his personal assets. If you can give me some other purpose, I am willing to hear it." You declined to provide more information. Why is the information relevant? Why do you need more information than you have?

13. **"Are all the banking relationships for your investments through the same bank or do you use multiple different banks.?"**

Despite the personal nature of the question, I could imagine there might be an argument for some tangential relevance if this had been in the past tense, but it was not. So I again noted, "I'm open to hearing how it is otherwise relevant to this case." You declined to provide any context or relevance. Why is the information relevant?

<u>Saed Khalil Deposition</u>[1]

14. **"What are your current sources of income for work?"**

Given that this is ***current,*** it was personally invasive. Why is the information relevant?

15. **"Why do you believe that your personal information is not appropriate for impeachment reasons?"**

This needs some context. After I had suspended the deposition for the prior question (number 14 herein), you asked Mr. Khalil "Are you refusing to answer my question based on the advice of counsel?" Mr. Khalil answered "Well, I don't know why you're asking me a question about some personal stuff that has nothing to do with this case, so –" And then I cut him off as I tried to get control of him because he was visibly upset. The transcript reads "Saed. Saed. Saed. …Simply answer the question, Saed, you're not going to answer the question and let's move through this quickly." You then got his response that he was not going to answer the question. At no time did Mr. Khalil address "impeachment." There is no indication that he even knows what the word in its ordinary sense means let alone in its legal sense.

---

[1] I am continuing the numbering here with 14 to make things easier for us to follow.

This appears to me to be nothing more than argumentative. Are you willing to withdraw the question? If not, please explain the relevance, why it does not call for a legal conclusion, and what you hope to get from Mr. Khalil.

16. **"Why – and could you please tell me why you don't believe that's an appropriate question?" and "Sir, can you tell me why you don't think it's an appropriate question to ask who shares your business?"**

Again, some context is required. You had asked about his current office. You asked ,"Does anyone share that office with you at 1585 South Congress in Delray Beach?" The witness answered " I don't feel like this is an appropriate question." I immediately responded "Saed, if you can answer the question, please do." He then reluctantly answered your question "No." What is the relevance of why he does not believe these are appropriate questions?

17. **"Sir, is that your signature on Exhibit 1?"**

Exhibit 1 was the mortgage to Mr. Khalil's home. I even noted the same: "this document appears to be a mortgage deed to his personal properly, presumably owned by the witness." He had not talked to Moeen about his deposition, and he was taken completely by surprise as this document had never been produced to us. Why is it relevant whether he recognizes it, particularly given that Judge Jantz had already ruled that Moeen did not need to provide his home address?

18. **"And why to you believe it has nothing to with this case? There's not a proper question related to impeachment or for other reasons?"**

Once again, because I had objected to reviewing his personal mortgage deed, you insisted on asking whether he was refusing to answer based on my advice. He responded, "I don't feel comfortable answering this question." You then asked why he did not feel comfortable and responded that it had nothing to do with this case. First, this clearly calls for a legal conclusion -- he did not use the word impeachment and would not understand what you mean. Second, in asking him to answer a negative and guess at "other reasons" makes the question impossible to answer anyway. But most importantly, what is the relevance of why he does not believe it has anything to do with the case and why it is not related to impeachment or other reasons?

19. **"Have you ever written an ACO Wireless check for personal expenses such as your groceries to pay your mortgage?"**

Despite my objection, the transcript shows that Mr. Khalil answered the question "No." I therefore concede the point and offer his answer to the question as it is in the transcript.

20. **"For the record, I'm going to ask. What is your home address?"**

You already know that this question was distressing to my client. Judge Jantz had already ruled that Moeen did not need to provide his home address. As this is "for the record" I presume you are placing it there for appeal purposes and you accept that Judge Jantz has already ruled on it.

These are all the questions for which I suspended the depositions. I acknowledge that if a question is relevant that despite the witness' discomfort with it, an answer may be appropriate depending upon the balancing analysis. Therefore, both as I did during the course of the deposition I have asked you to assist me in reconsideration of our position by explaining how the information sought is relevant. Please be specific as an answer such as "for impeachment purposes" will be of no assistance. I would need to understand how you could use such information for impeachment purposes. Obviously, as to any question you choose to withdraw, no further explanation is necessary.

I look forward to your response and to resolving as many of these issues as possible.

Very truly yours,

Aaron B. Maduff