BY MR. LEVISON:

Q. You used the term -- the past tense "used." When did you stop owning cell phone stores?

A. I closed a lot of my cell phone stores, and I still own a couple of them.

Q. How many stores have you closed in the last five years?

A. I don't recall.

Q. When you say "closed," is this because they stopped operating or because they have -- these stores have been sold?

A. Most stopped operating. We sold a couple of them, but most of them stopped operating.

Q. And when you use that plural "us," is there someone else that you're speaking of in that "us" or is it just the normal "we"?

A. No. Just me.

Q. Since you closed these stores, what do you currently do for work?

A. Not much.

(Certified question.)

BY MR. LEVISON:

Q. What are your current sources of income for work?

MR. MADUFF: I'm going to object to the

question as --

THE WITNESS: Yeah. I don't know --

MR. MADUFF: -- this is personal asset information. I'm going to suspend the deposition for the purpose of engaging in an appropriate meet-and-confer and to file a motion for protective order if that should become necessary.

However, I would ask that we continue the deposition on to other topics. In addition, in order to save time on the record, I would ask that that entire comment be incorporated by reference if I simply ask to suspend.

Is that acceptable, Mr. Levison?

MR. LEVISON: It's -- yes. We can get through this. But I also want to repeat if you have a protective order, I again, ask you to send that in advance, which does not mean ten minutes before our deposition started.

You had all yesterday to do that. And even though you made the same objection, you still have not identified any basis for this blatant attempt to stall and prevent us from engaging in discovery.

MR. MADUFF: I respectfully disagree with

Q. And what is that location?
A. What do you mean what is that location?
MR. MADUFF: Objection. Form.
BY MR. LEVISON:
Q. Storefront? Office building?
A. I have an office in there. Yes.
Q. Does anyone share that office with you at 1585 South Congress in Delray Beach?
A. I don't feel like this is an appropriate question.
MR. MADUFF: Saed --
THE WITNESS: Yeah.
MR. MADUFF: -- If you can answer the question, please do.
THE WITNESS: No.
BY MR. LEVISON:
Q. Why -- and could you please tell me why you don't believe that's an appropriate question?
MR. MADUFF: That, I'm going to object to as argumentative and harassing. Calls for legal conclusion and is irrelevant.
If you're going to persist, I will suspend for that question.
(Certified question.)

BY MR. LEVISON:

Q. Sir, can you tell me why you don't think it's an appropriate question to ask you who shares your business office?

MR. MADUFF: All right. I am suspending the deposition for the purposes of seeking a protective order on the argumentative question.

Please don't answer it.

Let's move on.

BY MR. LEVISON:

Q. Are you not answering this question based on the instruction of your counsel? Sir?

MR. MADUFF: That was to you, Mr. Saed -- Mr. Khalil.

THE WITNESS: I'm sorry?

MR. MADUFF: That was asked of you.

THE WITNESS: Yeah.

MR. LEVISON: We're going to certify that question.

(Certified question.)

BY MR. LEVISON:

Q. I'm going to show you what we'll mark as Exhibit 1. Sir, is that your signature on Exhibit 1?

(Exhibit No. 1 was marked for identification.)

MR. LEVISON: It's a little before that, Christina. It's right before that.

(Recording played.)

BY MR. LEVISON:

Q. Sir, are you refusing --

MR. LEVISON: We can stop there, Christina.

BY MR. LEVISON:

Q. Sir, are you refusing to answer that question based on advice of counsel?

A. I don't feel comfortable answering this question.

Q. And why don't you feel comfortable answering that question?

A. Cause -- that is not -- hasn't -- Mike has nothing to do with this case.

(Certified question.)

BY MR. LEVISON:

Q. And why do you believe it has nothing to do with this case? There's not a proper question related to impeachment or for other reasons?

MR. MADUFF: Objection. Calls for legal conclusion, is argumentative, and harassing. And I therefore suspend the deposition for the purpose of seeking a protective order on this

question or otherwise dealing with it in a meet-and-confer.

I'd ask that you move on.

MR. LEVISON: We will certify this question. We will certify the prior question about the answer, about the -- about the signature, as the witness has not answered either.

BY MR. LEVISON:

Q. Sir, isn't there a business that operates at 1585 South Congress Avenue in Delray Beach?

A. My office.

Q. Anything else operate there?

MR. MADUFF: Objection. Relevance.

Go ahead and answer.

THE WITNESS: Should I answer that?

MR. MADUFF: Yes, please.

THE WITNESS: Yes.

BY MR. LEVISON:

Q. What operates there?

A. A cell phone store.

Q. What type of cell phone store?

A. A cell phone store. What do you mean what type of cell phone store?

Q. AT&T? Verizon? Xfinity? What branded



00000000-0000-0000-0000-000000000000

MR. MADUFF: Objection. Form.
THE WITNESS: I wouldn't say all of them because some really did not make money to share the expenses.
BY MR. LEVISON:
Q. So the ones that were making more money would contribute more to make up for the slack for the ones that were not making money; is that a fair statement --
A. Yeah. You could say that.
MR. MADUFF: Objection. Form.
(Certified question.)
BY MR. LEVISON:
Q. Have you ever written an ACO Wireless check for a personal expense such as your groceries, to pay your mortgage?
A. No.
MR. MADUFF: I'm going to object to that question as seeking information about his personal spending. And I'm going to suspend the deposition for the purpose of a meet-and-confer and a protective order if necessary.
MR. LEVISON: I -- I don't know how it's for his personal spending. I'm asking if the

truthfully?
A. No.
Q. Have you ever been convicted of a felony?
A. No.
Q. Have you ever been convicted of a misdemeanor involving false swearing or fraud?
MR. MADUFF: Objection. Form.
THE WITNESS: No.
(Certified question.)
BY MR. LEVISON:
Q. For the record, I'm going to ask: What is your home address?
MR. MADUFF: And I am going to suspend the deposition for the purpose of a meet-and-confer and seeking a protective order if necessary.
It's neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. And it is harassing and threatening to this witness.
BY MR. LEVISON:
Q. Sir, are you not going to answer that question on the advice of your counsel?
A. I'm not going to answer that question.
MR. LEVISON: We'll certify the question. We'll certify the question.