**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DATISHA HUNTER, LATRICIA HUNTER, and WILFREDO RIVERA, AS THE COLLECTIVE REPRESENTATIVES UNDER FAIR LABOR STANDARDS ACT IN A COLLECTIVE ACTION, and as CLASS REPRESENTATIVES FOR PLAINTIFFS' STATE AND LOCAL LAW CLAIMS,

Plaintiffs,

v.

WIRELESSPCS CHICAGO LLC, SKY NET WIRELESS IL LLC, MOEEN HASAN KHALIL, individually, and SAED HASAN KHALIL, individually,

Defendants.

Case No. 1:18-cv-980

Magistrate Judge Beth Jantz

**Jury Demanded**

**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST MOEEN KHALIL AND SAED KHALIL FOR NOT OBEYING THE OCTOBER 5, 2021 ORDER [DOC. 257]**

Plaintiffs, by and through their attorneys, pursuant to Fed. R. Civ. P. 37(b)(2)(A), move for sanctions against Moeen Khalil and Saed Khalil for not obeying the October 5, 2021 Order. [Doc. 257]. In support thereof, Plaintiffs state as follows:

**Introduction**

Plaintiffs' attempts to engage in a consultation by telephone were unsuccessful due to no fault of Plaintiffs' counsel.[1] As discussed below, this Court denied Defendants' Motion for Protective Order and ordered Moeen Khalil and Saed Khalil to answer questions regarding their personal finances. [Doc. 257]. Moeen Khalil and Saed Khalil defied that Order refusing to answer most, if not all, questions about their personal finances. Therefore, sanctions pursuant to Fed. R.

[1] *See* Affidavit of Bradley Levison attached hereto as Exhibit 1; Affidavit of Antoinette Choate attached hereto as Exhibit 2.

Civ. P. 37(b)(2)(A) are justified because Moeen Khalil and Saed Khalil failed to comply with this Court's Order.

**Argument**

**i. Rule 37(b)(2)(A) Allows this Court to Impose Sanctions for Violation of Discovery Orders**

Federal Rule of Civil Procedure 37(b)(2)(A) grants this Court the power to impose appropriate sanctions for violation of discovery orders. *See E360 Insight Inc. v. the Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). The severity of a sanction should be proportional to the gravity of the offense. *Williams v. Adams*, 660 F.3d 263, 265-66 (7th Cir. 2011). Here, Moeen Khalil and Saed Khalil "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc*., 579 F.3d 787, 793 (7th Cir. 2009)(internal citations omitted). Thus, Moeen Khalil and Saed Khalil's failure to comply with the October 5, 2021 Order [Doc. 257] is a sufficient basis to impose sanctions under Rule 37(b)(2)(A). *See E360 Insight Inc.*, 658 F.3d at 642 *citing Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S.Ct 1087 (1958). Moeen Khalil and Saed Khalil's culpability for their failure "determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *E360 Insight Inc.*, 658 F.3d at 642 [internal citation quotation omitted]. "A showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery sanction." *E360 Insight Inc.*, 658 F.3d at 642.

Here, there are sufficient bases to impose sanctions under Rule 37(b)(2)(A) against Moeen Khalil and Saed Khalil. *See E360 Insight Inc.*, 658 F.3d at 642. Specifically, each was ordered to answer questions about their personal finances [Doc. 257] but neither Moeen Khalil nor Saed Khalil complied.

**ii. Moeen Khalil and Saed Khalil Failed to Comply with the Court's October 5, 2021 Order [Doc. 257]**

Moeen Khalil and Saed Khalil moved for a protective order arguing unsuccessfully that "additional inquiry into these Defendants' personal matters such as their mortgages, family, and assets should be disallowed, and their depositions deemed concluded." [Doc. 229]. This Court denied the motion for protective ruling, among other things, that questions about Defendants' personal wealth were relevant and not oppressive. [Doc. 257]. This Court then ordered the continued deposition of Moeen Khalil and Saed Khalil so that Plaintiffs could explore issues related to personal wealth and piercing the corporate veil. [Doc. 257].

Moeen Khalil[2] and Saed Khalil[3] each were deposed again on November 9, 2021. During their respective depositions, Moeen Khalil and Saed Khalil refused to answer most, if not all, questions about their personal finances including, among other things, mortgages that they, properties that they own, personal loans, etc. For example, Moeen Khalil refused to answer questions about his property holdings and his household income as shown by the following exchange:

Plaintiffs' Counsel: Sir, do you own a house?

Moeen Khalil: I don't know what this got to do with – with what's going on here, you know.

Plaintiffs' Counsel: Are you refusing to answer my question?

Moeen Khalil: Yes.

---

[2] *See* Moeen Khalil Transcript attached hereto as Exhibit 3 at 239:18-241:24; 247:4-248:6; 251:13-23; 252:1-253:18; 278:4-10; and 281:24-282:21. The relevant testimony is highlighted for the Court's convenience.

[3] *See* Saed Khalil transcript attached hereto as Exhibit 4 at 155:4-9; 158:9-162:2; 163:22-164:2; 164:6-9; 166:5-10; 167:10-168:10; 168:24-170:2; 172:19-173:6; 178:8-179:10; 186:8-187:7; 188:11-14; 192:7-10; 192:15-193:11; 195:22-196:15; 205:3-13; 213:4-9; 213:24-215:6; and 219:12-220:18. The relevant testimony is highlighted for the Court's convenience.

Plaintiffs' Counsel: Okay. Sir, do you have a mortgage -- do you own any residential property?

Moeen Khalil: I'm not going to answer.

Plaintiffs' Counsel: Are you refusing to answer my question about residential property?

Moeen Khalil: Yes.

Plaintiffs' Counsel: Sir, other than yourself, those people that you consider to be a household member, do any of them have income that contributes to the household's income?

Moeen Khalil: Has nothing to do with that. Not going to answer that.

Plaintiffs' Counsel: You're refusing to answer about household income?

Defendants' Counsel: You're now --

Moeen Khalil: Yeah.

Exhibit 3 at 241:5-24.

Moeen Khalil was also evasive and/or provided incomplete answers which, under Rule 37(a)(4), is equivalent to no answer. Fed. R. Civ. P. 37(a)(4). For example, Moeen Khalil was evasive and/or provided incomplete answers about his annual income as seen by the following:

Plaintiffs' Counsel: Who set your salary at Smart Net Wireless --

Defendants' Counsel: His --

Plaintiffs' Counsel: -- in 2019?

Defendants' Counsel: -- salary. Okay. Thank you.

Moeen Khalil: Who set my salary?

Plaintiffs' Counsel: Correct.

Moeen Khalil: Oh, I set my salary.

Plaintiffs' Counsel: So what did you set your salary in 2019?

| | |
|---|---|
| Moeen Khalil: | I don't -- I don't recall. |
| Plaintiffs' Counsel: | Was it more than a hundred thousand dollars? |
| Moeen Khalil: | I'm not sure. |
| Plaintiffs' Counsel: | Was it more than $200,000? |
| Moeen Khalil: | I'm not sure. If you had – |
| Plaintiffs' Counsel: | Was it more – |
| Moeen Khalil: | -- form I'd have an answer for you. But you know, I can't. |
| Plaintiffs' Counsel: | Do you review your tax returns before signing them? |
| Moeen Khalil: | Yes. |
| Plaintiffs' Counsel: | What was your income that you stated on your 2019 tax return? |
| Moeen Khalil: | I'm not sure exactly. I don't want to answer the question. |
| Plaintiffs' Counsel: | You're refusing to tell me what your income was on your tax return in 2019? |
| Moeen Khalil: | Yes. |

Ex. 3 at 247:4-25; 248:1-6.

Saed Khalil similarly refused to answer questions about his personal finances though his refusal was more resolute. The transcript is replete with examples of Saed Khalil willfully disregarding this Court's order. For example:

| | |
|---|---|
| Plaintiffs' Counsel: | You said you had taken out a loan. Was this a personal loan you took out related to this lawsuit? |
| Saed Khalil: | That's my business. I'm not going to answer that question. |
| Plaintiffs' Counsel: | So you're refusing to answer the question about the loan. |
| Saed Khalil: | Yes. |

Defendants' Counsel: Sam -- Saed, again, I -- I'm not instructing you not to answer these questions.

Saed Khalil: Mm-hmm. Yeah, I understand. I don't want him to get into my personal business. He did that last time and he asked me and I'm not going to allow him to ask me this time. I'm --

Defendants' Counsel: All right --

Saed Khalil: -- sorry. Even if you tell me to answer him, I'm not going to answer him because he's -- he -- he already had asked me about my personal stuff. I'm not going to allow that today. Ask --

Plaintiffs' Counsel: So --

Saed Khalil: -- me about Chicago, ask me about the – the stuff that has to do with Chicago case. Don't ask me anything about personally.

Exhibit 4 at 158:9-25; 159:1-7.

Because he believed his personal finances had "nothing to do with Chicago," Saed Khalil refused to answer questions about his property holdings and "personal stuff" as shown by the following:

Plaintiffs' Counsel: My -- so sir, if I understand you correctly, you're not going to answer any questions about your personal finances. Correct?

Saed Khalil: Unless they have something to do with this case.

Plaintiffs' Counsel: Okay. Sir, do you own any residential properties?

Saed Khalil: I'm not going to –

Defendants' Counsel: Standing –

Saed Khalil: -- answer that question.

Defendants' Counsel: -- objection. Standing objection to scope.

Plaintiffs' Counsel: So you're refusing to answer my question about personal properties.

| | |
|---|---|
| Saed Khalil: | Yes. It has nothing to do with Chicago. |
| Plaintiffs' Counsel: | Sir, do you own any commercial properties? |
| Saed Khalil: | No. |
| Plaintiffs' Counsel: | Sir, do you have any mortgages currently outstanding? |
| Saed Khalil: | I'm not going to answer that question. |
| Plaintiffs' Counsel: | Sir, in your household, other than yourself, do you declare anyone as a source of income for your household on your tax returns? |
| Saed Khalil: | I'm not going to answer the questions. That's -- that's my personal stuff. |

Ex. 4 at 160:17-25; 161:1-17.

Because each refused to answer questions about their personal finances, both Moeen Khalil and Saed Khalil failed to comply with the October 5, 2021 Order. [Doc. 257].[4] Thus, there are sufficient bases to impose sanctions under Rule 37(b)(2)(A) against Moeen Khalil and Saed Khalil. *See E360 Insight Inc.*, 658 F.3d at 642.

**ii. This Court Should Strike Moeen Khalil and Saed Khalil's Answer [Doc. 178] and/or Render a Default Judgment Against Each for Their Failure to Comply with the Court's October 5, 2021 Order [Doc. 257]**

Plaintiffs believe lesser sanctions, such as ordering Defendants to be re-deposed or directing Defendants to produce financial records, will not cure the problem because both Moeen Khalil and Saed Khalil showed contemptuous disregard for this Court's orders and the discovery process in general. This Court already heard and rejected Moeen Khalil and Saed Khalil's claim that "questions about the [their] finances and assets are irrelevant, upsetting, and therefore

[4] *See* Ex. 3 at 239:18-241:24; 247:4-248:6; 251:13-23; 252:1-253:18; 278:4-10; and 281:24-282:21; *see also* Ex. 4 at 155:4-9; 158:9-162:2; 163:22-164:2; 164:6-9; 166:5-10; 167:10-168:10; 168:24-170:2; 172:19-173:6; 178:8-179:10; 186:8-187:7; 188:11-14; 192:7-10; 192:15-193:11; 195:22-196:15; 205:3-13; 213:4-9; 213:24-215:6; and 219:12-220:18.

oppressive" ruling that "Plaintiffs were not only prevented from questioning the Khalils as to their personal wealth, but also as to issues relevant to the theory of piercing the corporate veil." [Doc. 257]. In defiance of the October 5, 2021 Order, Moeen Khalil and Saed Khalil again refused to answer "personal" questions. Moeen Khalil and Saed Khalil's deliberate refusal to comply with the October 5, 2021 Order shows willfulness and bad faith justifying a drastic sanction like default. *See E360 Insight Inc.*, 658 F.3d at 642.

Default and/or striking Defendants' Answer [Doc. 178] is justified under these circumstances because this case is nearly four years old and fact discovery is closed yet Plaintiffs still lack answers to basic questions about Moeen Khalil and Saed Khalil's finances even after deposing each for more than 8 hours. Based on Defendants' conduct to date, Plaintiffs do not believe there is adequate means to compel Moeen Khalil and Saed Khalil to answer questions about their personal wealth and/or produce documents relevant to personal wealth (such as tax returns) that will also not result in further motion practice. Plaintiffs expect that Moeen Khalil and Saed Khalil will continue to refuse to answer questions about and/or produce records related to their personal finances because Moeen Khalil and Saed Khalil each strongly believes that their personal finances have nothing to do with this litigation despite this Court's ruling to the contrary. Additionally, Moeen Khalil and Saed Khalil should be ordered to pay reasonable expenses, including attorneys' fees and the costs incurred for the November 9, 2021 depositions, caused by their failure to comply with this Court's order. Fed. R. Civ. P. 37(b)(2)(C).

**Conclusion**

Based on the foregoing, the Court should impose sanctions pursuant Fed. R. Civ. P. 37(b)(2)(A) against Moeen Khalil and Saed Khalil for failing to comply with the October 5, 2021 Order [Doc. 257], order Moeen Khalil and Saed Khalil pursuant to Fed. R. Civ. P. 37(b)(2)(C) to

pay reasonable expenses, including attorneys' fees and the costs incurred for the November 9, 2021, caused by their failure to comply with this Court's order, and grant whatever other relief this Court deems just and necessary.

Dated: December 14, 2021

Respectfully submitted,

*/s/ Antoinette Choate*
Antoinette Choate
Choate Law
1932 S. Louie Parkway
Chicago, IL 60616

*/s/ Bradley Levison*
Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle St., Suite 1302G
Chicago, IL 60605