**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DATISHA HUNTER, LATRICIA HUNTER, and WILFREDO RIVERA, AS THE COLLECTIVE REPRESENTATIVES UNDER FAIR LABOR STANDARDS ACT IN A COLLECTIVE ACTION, and as CLASS REPRESENTATIVES FOR PLAINTIFFS' STATE AND LOCAL LAW CLAIMS, | Case No. 1:18-cv-980 |
| Plaintiffs, | Magistrate Judge Beth Jantz |
| v. | **Jury Demanded** |
| WIRELESSPCS CHICAGO LLC, SKY NET WIRELESS IL LLC, HAMAD BROTHERS, INC., MOHAMMED GHABEN, individually, MOEEN HASAN KHALIL, individually, and SAED HASAN KHALIL, individually, | EXHIBIT 1 |
| Defendants. | |

**AFFIDAVIT OF ANTOINETTE CHOATE**

Bradley Levison, being first duly sworn and under oath, states as follows:

1. I am counsel of record for Plaintiffs along with Antoinette Choate.

2. Moeen Khalil and Saed Khalil were each deposed on November 9, 2021. At the conclusion of the deposition, Plaintiffs ordered standard delivery of the transcripts.

3. Plaintiffs first notified Defendants about issues related to Moeen Khalil and Saed Khalil's depositions on November 16, 2021. *See* Exhibit A attached hereto.

4. Saed Khalil's transcript was first available on December 4, 2021 while Moeen Khalil's transcript was first available on December 5, 2021.

5. On December 6, 2021, at approximately 1:39 p.m., I emailed Defendants' counsel detailing Moeen Khalil and Saed Khalil's failure to comply with the October 5, 2021 Order. That

December 6 email included pin cites to the relevant testimony and offered a proposed solution. I further requested that the parties discuss this failure on December 8, 2021 which was the date that parties had already agreed to conduct a LR37.2 meet and confer about other matters in this lawsuit. *See* Exhibit B attached hereto.

6. During the December 8 phone call, Ms. Choate asked attorney Daniel Gajda if it was Defendants' position that Judge Jantz ordered Moeen Khalil and Saed Khalil to answer questions about their personal finances. Mr. Gajda refused to answer stating that he never agreed to discuss either Moeen Khalil or Saed Khalil during the call. I pressed for an answer, but Mr. Gajda would not respond reiterating that he would only discuss Defendants' issues with Datisha Hunter's deposition.

7. Because Mr. Gajda refused to respond to any questions regarding the Khalil deposition deficiencies during the December 8 call, I emailed Defendants' counsel immediately following the call to request a LR37.2 meet and confer for December 13, 2021 at 10:00 a.m. I also sent Defendants' counsel a calendar invite for December 13, 2021 at 10:00 a.m. with dial in instructions. *See* Ex. B attached.

8. When Defendants failed to respond, I sent two follow up emails trying to confirm that Defendants would be participating in the December 13, 2021 LR37.2 meet and confer.

9. Mr. Gajda waited until Friday, December 10, 2021, at 7:08 p.m. to respond and confirm that he would be participating in the December 13, 2021 LR37.2 meet and confer. *See* Ex. B attached.

10. Then, on Sunday, December 12, 2021, at 7:36 p.m. Mr. Gajda retracted his agreement stating he would only participate in the December 13, 2021 LR37.2 meet and confer on the condition that the call was limited to issues related to Moeen Khalil and Saed Khalil. *See* Ex. B attached.

11. The parties then exchanged emails during which Plaintiffs refused to limit the topics reminding Defendants that Plaintiffs had been unsuccessfully trying for over a month to schedule the initial call about the October 5, 2021 sanction award [Doc. 257] and that the parties need to meet and confer about the upcoming joint status report due December 16, 2021. *See* Ex. B attached.

12. Ms. Choate and I joined the conference on December 13, 2021 at 10:00 a.m. and remained on the line until approximately 10:22. *See* Ex. B attached.

13. Mr. Gajda emailed on December 13, 2021, at 11:44 a.m., confirming that he refused to join the December 13 LR37.2 meet and confer because his demands were not met. *See* Exhibit C attached.

14. Neither Mr. Gajda nor attorney any of Defendants' attorneys of record joined the conference on December 13, 2021.

15. I certify under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

Dated: December 14, 2021

/s/ *Bradley Levison*
One of the attorneys for plaintiffs

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle St., Suite 1302G
Chicago, IL 60605

EXHIBIT

A

**From:** Bradley Levison
**To:** Dan Gajda; Antoinette Choate; Aaron Maduff
**Subject:** RE: Request for 37.2 Call Regarding Datisha Hunter"s Deposition Testimony
**Date:** Tuesday, November 16, 2021 8:59:00 PM
**Attachments:** Re Exhibits from Datisha Hunter Deposition.msg
Hunter et al. v. WirelessPCS et al..msg
RE Exhibits from Datisha Hunter Deposition.msg

---

Dan,

Anne and I are baffled by the tone and substance of your emails below. First and foremost, it is neither reasonable nor in good faith to email us Monday night at 10:41 PM and demand that the parties conduct a meet and confer the very next day and then accuse of us of ignoring your request entirely. It is less than 24 hours since your first email, thus your accusation that we are unresponsive is meritless. On the other hand, we requested scheduling a meet and confer regarding the sanctions against Defendants on October 7, followed up on October 8, emailed again on October 14, twice on October 15, and reminded you by phone during a different meet and confer on Nov. 11. As of yet, you have not told us your availability to discuss the fees and costs that Judge Jantz awarded Plaintiffs as a sanction for Defendants' failure to properly prepare their Rule 30(b)(6) witnesses. We remind that Judge Jantz ordered the parties to meet and confer about the amount of the sanctions.

Second, we are unsure why you are now raising these concerns about Datisha Hunter's deposition when you and Aaron were silent in response to our October 25, 26, and 27 emails which are attached for your convenience. Because neither you nor Aaron substantively responded, we assumed the matter was resolved. It is our position any concerns are untimely because three (3) weeks have passed since Ms. Hunter's deposition. Moreover, you claim that I made excessive and unnecessary speaking objections yet provide no citations from transcript despite being in possession of it for nearly 3 weeks. We remain steadfast that you waived any complaint at the deposition itself by ending it early with approximately half the time remaining. Anne specifically addressed this issue in her October 25 email to which you never responded. Specifically, Anne stated:

> Finally, the court provided defendants 120 minutes to conduct Ms. Hunter's deposition, but Aaron elected to forgo about half of that time by ending the deposition and walking away before even telling the court reporter whether he was ordering a transcript (in opposition to her instruction at the commencement of the deposition). To the extent that Defendants believe that questions were left unanswered, Defendants' decision to end the deposition with approximately 55 minutes remaining and without asking many questions is tantamount to suspending the deposition, which the Court warned against in its Order, Doc. No. 257.

Nonetheless, you requested a LR37.2 meet and confer and as such we are happy to coordinate a mutually agreeable date and time. Note that neither Anne nor I are available after the deposition tomorrow. Because there is no pending deadline or apparent urgency to your concerns and in light of the Thanksgiving Holiday as well as our pending request to meet and confer about the sanctions (which has a court deadline), we propose the following:

- The parties meet and confer on November 23 at 9 am to discuss the sanctions awarded by Judge Jantz [Doc. 257]; and,

- The parties meet and confer on November 29 at 9 am to discuss Defendants' concerns with Ms. Hunter's deposition.

In the intervening time, you can provide us citations to Ms. Hunter's deposition which you claim support your position. Those citations are necessary to engage in a meaningful LR37.2 meet and confer. We expect to provide you our fees by Friday, November 19 which should provide you sufficient time to review and consider those amounts before the court ordered meet and confer.

As a final issue, Anne and I want to advise you that we will be sending a separate email regarding our position that Moeen Khalil and Saed Khalil failed to participate in good faith. However, we are still waiting for the transcripts so our concerns will need to be addressed after receipt and review of the transcripts.

Please let us know if the proposed dates work.

Regards,
Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Tuesday, November 16, 2021 2:36 PM
**To:** Antoinette Choate <annechoate@gmail.com>; Bradley Levison <brad@hlhlawyers.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Request for 37.2 Call Regarding Datisha Hunter's Deposition Testimony

Anne and Brad,

It's one thing to say you're both unavailable or that today was short notice but it's another thing to ignore my request entirely, especially when you tend to respond minutes after I have to send a follow up email.

I'm restating my request for today, or if you aren't available then immediately after the deposition tomorrow since we'll all be available.

Thanks for your attention to this.

Dan

On Mon, Nov 15, 2021, 10:41 PM Dan Gajda <dsgajda@madufflaw.com> wrote:

> Anne and Brad,
>
> As you know, Datisha Hunter refused to answer many questions during her most recent deposition. She was also uncooperative and evasive throughout the entire deposition. This caused the deposition to end prematurely due to her refusal to answer basic background or other questions, especially those related to her damages. Brad, you also made excessive and unnecessary speaking objections throughout the deposition, oftentimes causing Ms. Hunter's refusal to answer the questions Aaron posed to her.
>
> I am requesting that you agree to continuing Ms. Hunter's deposition so that Defendants can obtain the answers to the various questions she refused or failed to answer, and I'd also like to discuss the costs our clients incurred and will incur due to having to continue this deposition. We intend on filing a motion to compel and for sanctions if we can't come to an agreement on continuing Ms. Hunter's deposition.
>
> Please let me know what time either of you are available tomorrow to discuss this issue.
>
> Thanks for your attention to this matter,
>
> Dan

EXHIBIT

B

**From:** Bradley Levison
**To:** Dan Gajda; Antoinette Choate; Aaron Maduff
**Subject:** RE: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil
**Date:** Monday, December 13, 2021 11:44:00 AM
**Attachments:** 2021.12.13.JSR (draft).docx

---

Dan,

Anne and I joined today's call which was intended, among other things, to address the JSR. You elected to not join. You also have not provided us any edits to the proposed JSR which we emailed you Friday morning (12/10). As such, Anne and I have complied with LR37.2. Attached is an updated proposed JSR. You do not have our authority to change a single in Plaintiffs' section. Please add Defendants' section and then we will file. There is no good reason to delay in filing the JSR as Defendants have already refused to meet and confer.

Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Monday, December 13, 2021 11:20 AM
**To:** Bradley Levison <brad@hlhlawyers.com>; Antoinette Choate <annechoate@gmail.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Brad,

I'd also note that the JSR is due on 12/16 and I am available to meet and confer about it prior to that date once you have sent your updated version.

Dan

On Mon, Dec 13, 2021 at 11:17 AM Dan Gajda <dsgajda@madufflaw.com> wrote:

> Brad,
>
> I agreed to a call about the Khalils today and not about the fees. You insisted that you would demand responses about the fees on the call anyway. It's not fair nor reasonable for you to demand responses about fees today when I am not ready to discuss them and offered dates for next week. I also do not want to be in a position where you demand responses about the fees today and then later write that I "refused to respond" when I tell you that I am not ready to respond today.
>
> There was no agreed to call today, so I sent our written position about the Khalils instead.
>
> I remain available for a call about the Khalil depositions later today after 5pm, or any time Tues, Wed, Thur, or Fri. Or if you'd rather like to respond to our position in writing then please do so.
>
> Dan
>
> On Mon, Dec 13, 2021 at 10:26 AM Bradley Levison <brad@hlhlawyers.com> wrote:
>
>> Dan,
>>
>> This shall confirm that Plaintiffs joined the parties' December 13 LR37.2 meet and confer at 10 am but that no one on behalf of Defendants appeared. Anne and I waited until 10:15 am before disconnecting. This email confirms that Defendants chose to not participate despite being available and emailing Plaintiffs during the scheduled meet and confer. This is Plaintiffs' third attempt to meet and confer about the Khalils. Plaintiffs first emailed Defendants on December 6 and raised the topic of the Khalils during the December 8 call but Defendants refused to discuss the Khalils at all. Plaintiffs also offered to meet and confer on December 10, but Defendants would not accept that date. Defendants then refused to join the December 13 meet and confer without good reason or cause. Plaintiffs note that Defendants have already taken the position that the December 8 call was sufficient for Defendants to file a motion to compel despite Plaintiffs repeatedly stating before, during and after the call that Plaintiffs lacked sufficient information to engage in meaningful meet and confer.
>>
>> Based on the response below, the parties are at an impasse on the Khalils as Defendants refuse to produce the tax returns or pay the court reporter costs as proposed in Plaintiffs' December 6 email. Plaintiffs note that Defendants have not yet discussed the December 6 email with their clients despite more than a week having past and this being the third attempt to schedule a meet and confer. As such, Plaintiffs do not believe Defendants were prepared in good faith to discuss the issues related to the Khalils on the December 13 call. This is evident from Defendants' blatant mischaracterization of the Khalils testimony in which both Moeen Khalil and Saed Khalil refused to answer numerous questions.
>>
>> Because you chose not to participate in today's LR37.2 meet and confer, Plaintiffs will send a revised JSR later today. We expect that the JSR will be filed by no later than tomorrow as

Defendants have refused to meet and confer about the JSR.

Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Monday, December 13, 2021 10:12 AM
**To:** Bradley Levison <brad@hlhlawyers.com>
**Cc:** Antoinette Choate <annechoate@gmail.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Brad,

I did not agree to and am not prepared for a call about the fees therefore we never agreed to a call today.
You also are refusing to provide us with a spreadsheet so I will have to create our own. You billed for almost $40,000 and we have to analyze each line and entry. I will need until next week to create a spreadsheet and complete our review prior to any call about fees being discussed.

As for the Khalils, I am prepared to discuss the issues related to the Khalils but you never confirmed that the call would be just about that and kept saying that you intended on discussing your proposed fees.

Therefore, I'm including a written response to the questions you asked be answered by the Khalils and am available for a meet and confer about our response any day this week: Mon evening, Tues, Wed, Thur, or Fri.

**Response to Khalil Depositions:**
Defendants suspended approximately 16 individual questions as being irrelevant and

oppressive and being asked in bad faith. The Court granted that protective order in her email to us during the original depositions as to the home address. The Court denied the motion as to roughly a dozen questions. Rather than ask those questions, you used every minute of your hour to wander into numerous areas unrelated to those questions for which the protective order was denied.
Your complaint is that the witnesses refused to answer questions. But many of the citations you have provided reflect answers to the best of their ability, not refusal to answer questions.

That said, you have proposed 10 items for which you seek interrogatory answers. As a general proposition, we reject the idea that we are reopening written discovery. However, we are agreeable to some of what you are suggesting to the extent it is within the scope of the denied protective order. We address them each below:

1) SS# -- This was never requested in the original deposition and you have not shown any need for this information let alone that providing it would be the least invasive means to that information. It is also personally invasive and Messrs. Khalil have expressed deep concern about sharing it. We cannot agree.

2) Names of companies invested in since 2014 and where each banks. We agree.

3) Dates and amounts invested in each company since 2014. Even had this information been asked in deposition, our clients would not have been able to provide it. Although our clients were taken by surprise by discovery upon an unpled theory of piercing the corporate veil, the Court has indicated that such discovery is appropriate, and capitalization may go to that issue. We therefore agree to provide amounts of initial capitalization of WirelessPCS Chicago, LLC and Sky Net Wireless, IL, LLC and any additional amounts that are easily obtainable. Keep in mind that had you asked these questions in deposition it is unlikely that our clients would have been able to remember specific invested dollars going back a decade. This is therefore a considerable concession.

4) Identify who is paying for legal fees. That is well beyond any question asked in the original depositions, and does not go to piercing the corporate veil as it is a present tense. In any event, you already have testimony from several people that no money came out of the Chicago companies other than to pay their own debts (and not to anyone in Florida) at all. So we cannot agree to this.

5) Provide contracts for any companies that provide goods or services for another. This is an additional document production request and goes well beyond the entities reasonably involved in this case. However, as we believe that any such contracts would serve to defeat a piercing the corporate veil claim, we will discuss with our clients.

6) List all properties owned (Personal and commercial) , their value and mortgage. As the Court already ruled against information on personal residences in her email in May, we believe that providing information with respect to personal property is not appropriate. However, as commercial property is arguably within the parameters of investments, we will recommend the

clients provide such a list. In addition, to the extent that any such property has a relationship to the Corporate defendants (which we doubt, but do not know) we will recommend to the clients that they provide a list of any value and mortgages.

7) List all properties sold between 2014 and 2020. As just noted, the personal properties are not an appropriate subject of discovery. However, as with number 6, we will recommend that the clients provide information as requested with respect to the commercial properties related to the corporate defendants.

8) All loans entered into between 2014 and 2020. We will recommend to the clients that they provide such information as it relates to the Corporate defendants in this case. As doing so is something far beyond that which they would have been able to testify to in deposition and this will take some work, that is a considerable concession.

9) Judgments entered against the individual defendants since 2014. This has nothing to do with any question for which questions were suspended and has nothing to do with the corporate defendants and therefore do not relate to piercing the corporate veil. We cannot agree. However, as you already have testimony that no money came out of the Chicago companies to Florida, we can provide additional attestation to that and will so recommend to our clients.

10) State in detail how the proceeds from the sale of the Chicago locations were used. That question was asked and answered to the best of the clients' ability (see 122:4-24 in Saed's deposition and 261:23-263:11 of Moeen's deposition).

We do acknowledge that in numerous circumstances, Aaron recommended that the question no matter how inappropriate, be answered and that one or the other individual deponent still refused to answer. Therefore, we do not have authority to make any particular agreement. However, if this compromise of all issues on these depositions is acceptable to you, we will work with our clients to obtain agreement.

Dan

On Mon, Dec 13, 2021 at 9:52 AM Bradley Levison <brad@hlhlawyers.com> wrote:

> Dan,
>
> Anne and I will be on the call at 10 am to discuss the issues outlined below. You can choose to attend or not.
>
> Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Monday, December 13, 2021 9:45 AM
**To:** Antoinette Choate <annechoate@gmail.com>
**Cc:** Bradley Levison <brad@hlhlawyers.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

I'm not attempting to "dictate the parties' meet and confer topics." I have been providing you with my availability to discuss specific topics and have been trying to get agreement from you about my availability. I'm not sure why this has been so difficult to accept. I'm not conducting myself in bad faith, I'm responding, and have been making myself available in a reasonable amount of time to conduct a meet and confer on these various issues.

I am not ready or willing to discuss any of the issues related to the proposed fees today. Judge Jantz asked us to discuss the fees in good faith but repeatedly ignoring my availability and demanding a meet and confer about a topic before counsel said they are ready to discuss it is not in good faith. Therefore, unless I have agreement that we are only dealing with the Khalil depositions on a call today then we do not have agreement for a call.

Thanks,

Dan

On Mon, Dec 13, 2021 at 9:25 AM Antoinette Choate <annechoate@gmail.com> wrote:

> Dan,
>
> It sounds as though you will still be on our call at 10:00 a.m. as scheduled. I remind you our call in number is: (312) 786-5920, ID 659131.

Please note that you cannot unilaterally dictate the parties' meet and confer topics. You refused in bad faith on Dec. 8 to discuss the Khalils (the simple question was whether you believed they were required by Court order to testify as to their personal finances.) You still have never responded to our proposal or the substance of our Dec. 6 email.

As to fees, we understand you may not have a fully-resolved position, but there are some preliminary matters that may be easily resolved today. For instance, whether you agree that we are entitled to reasonable attorneys' fees for bringing the motion to compel. We have always anticipated that it would take more than one call to address the sanctions award, which is why we have been trying for more than a month to set the initial call. The mere fact that the Court provided 30 days to discuss the issue does not mean that we need to use all 30 days. As Aaron had a technical issue during the initial deposition, we were forced to reschedule and this will run us over the winter holidays and we would prefer to resolve this matter before Christmas.

As to the Excel spreadsheet, it is our position that you are not entitled to it. Your attempt to equate our billing entries with documents produced in discovery is without merit. The discovery rules are clear that parties are entitled to native format for documents produced in discovery. Our billing entries are not part of discovery. We provided you the billing entries as Judge Jantz requested that the parties "work together in good faith to resolve this ancillary issue". The document we sent you does that. Further, the excel spreadsheet is work product, never subject to disclosure.

Talk to you soon,
Anne

On Mon, Dec 13, 2021 at 8:56 AM Dan Gajda <dsgajda@madufflaw.com> wrote:

> Brad,
>
> I could not have been more clear about my availability and willingness to meet and confer about the Khalills and the fees, but I will repeat it again here. We never agreed to discuss the Khalil depositions during the Hunter meet and confer call so I did not "refuse to discuss the Khalils during set calls." That's simply untrue.
>
> I am available to meet *only* about the Khalil depositions later today, Tues, Wed, Thur, or Fri.
>
> I am available to meet and confer about the fees Thur or Fri this week because I am not prepared to discuss them yet. There are a lot of issues with your entries that we will have to respond to. You also did not respond to my 3rd request for the excel spreadsheet so I am working from the pdf.
>
> I am not getting on a call about the Khalils today only to have you change the topic again and demand to meet and confer about a topic I'm not prepared for (the fees). That was your intention this morning despite my repeated attempts to schedule the fees meet

and confer for later this week and the Khalils for today.

Unless I receive confirmation that a call will only be about the Khalils, then we can schedule a meet and confer about both topics on the same day either Thur or Fri. This availability is reasonable and within the timeframe the Court set for the fees call and shortly after you requested the calls about the Khalils.

This has been my availability the entire time so I don't understand why you continue to accuse me of refusing to meet and confer. Select the dates that work best.

Dan

You also do not have our permission to file anything titled "Joint Status Report" until you receive my approval.

On Sun, Dec 12, 2021 at 8:04 PM Bradley Levison <brad@hlhlawyers.com> wrote:

> Dan,
>
> Your position is unreasonable and in bad faith. Anne and I have repeatedly tried scheduling numerous meets and confers without success. We will not continue to play this game. Anne and I read your email below as cancelling tomorrow's meet and confer as you refuse to discuss the Khalils, the sanction award and filed a motion mooting the issues related to Datisha Hunter.
>
> The emails are clear. Each time that Anne or I requested have a meet and confer, you and Aaron have had an excuse for not agreeing to set a date certain. As an example, I emailed you on December 6 about the Khalils and suggested we discuss that issue on December 8. The email is attached. You refused to discuss the Khalils on December 8 so Anne and I proposed December 13. You agreed to December 13 and claim you did so during the December 8 meet and confer. Your December 10 email said,
>
> > I also provided my availability for a meet and confer call about the Khalil depositions on Monday at 10am. I am planning on sending a written response this weekend prior to the call. I will also review the joint status report and respond as well.
>
> Now you refuse to meet and confer on December 13 about the Khalils. You also filed a motion despite our request to engage in a meaningful meet and confer about Datisha Hunter. Our email below details why the December 8 call was insufficient. You also continue to refuse to meet and confer about the sanctions.

It is plain that this is your strategy – to only meet and confer on Defendants' topics while refusing to meet and confer on Plaintiffs' topics. As such, Anne and I will not continue to engage in this game. We will send you a revised JSR tomorrow. We intend to file the JSR on Tuesday, December 14, and do not see any reason why a meet and confer is needed as you and Aaron continue to act bad faith. We also see no reason to meet and confer about the Khalils as you have now twice refused to discuss the Khalils during set calls. If you want to discuss the sanctions, then provide us proposed dates and times. If you do not provide us dates and times, then we will go ahead and file our affidavit for fees as provided in the October 5 Order.

Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Sunday, December 12, 2021 7:36 PM
**To:** Bradley Levison <brad@hlhlawyers.com>
**Cc:** Antoinette Choate <annechoate@gmail.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Brad,

We have no agreement on the topics for the 37.2 call and therefore do not have agreement for a call tomorrow. I did not accept your calendar invite because you included other topics that we had not agreed to for the call. This is the same thing that happened during the 37.2 call about Ms. Hunter's deposition.

I have repeatedly provided you with my availability for a meet and confer about the

fees (Thur or Fri of this week) but you continue to ignore me and claim I haven't provided dates. You have also now requested additional information from us about your fees which I will have to consider and speak with Aaron about prior to providing a response regarding providing our billing or hours spent on the continued deposition. I can also state in this email that we do not agree with your contention that Aaron had technical issues that caused the deposition to be rescheduled. I also continue to review your entries and have to do so working from your pdf after I requested an excel version. This is also the first time you partially explained what you meant by the "Reduction" column. As I stated previously, I am not prepared for a meet and confer about fees tomorrow and provided you with dates. I'd also note that you didn't even mention the Khalils in this email response about the call you planned on conducting tomorrow that I did not agree to.

When you are prepared to meet and confer about the Khalil deposition issue then I am available Tues, Wed, Thurs, or Fri this week but I need to have agreement that the call will be about that topic only. Or if you would like to wait until later in the week then we can combine the call about fees and the Khalil depositions. Until we come to an agreement about the calls, then we do not have a call currently scheduled.

Dan

On Sat, Dec 11, 2021 at 2:53 PM Bradley Levison <brad@hlhlawyers.com> wrote:

> Dan,
>
> Thank you for finally confirming your availability. In the future, you may simply accept the calendar invitation which lets Anne and I know you will be attending. Anne and I also request that you refrain from continuing to email us after hours and instead respond during normal business hours or at least give us a business day notice. This has been a continuing problem as, for example, on December 8 you emailed us at 12:37 am regarding a call scheduled for that same day at 10:00 am, which does not provide us sufficient time to adequately respond to emails. As we have small children, we prefer to keep normal business hours and we would prefer not to spend our weekends having to address emails that were sent on Fridays at 7 pm. Because you stated below that you will be working on this matter on Sunday, we expect that you will be able to review this email and will be prepared to discuss it during Monday's meet and confer.
>
> As to Datisha Hunter's deposition, Defendants still have not provided us sufficient information to consider the request to reopen her deposition. Defendants still have not provided Plaintiffs the following: (i) any legal support for regarding Defendants' claim that Plaintiffs' counsel made speaking objections; (ii) pin cites illustrating the alleged speaking objections; (iii) a response to Plaintiffs' October 26 email asking Defendants to explain why they were allowed to end the deposition early and why

they did not waive their right to later complain; (iv) pin cites illustrating Ms. Hunter's alleged failure to answer questions about damages; (v) the portion of Judge Jantz's October 5 Order that the Defendants claim supports their right to ask broad questions about damages; (vi) pin cites for questions that Defendants believe Ms. Hunter was asked but did not answer; and (vii) Defendants have provided neither the amount nor breakdown of the costs that they seek. Anne and I had tried asking you these questions on December 8 but were not given a single answer.

As to the sanctions award, your email below belies any claim that you are not prepared to discuss that award on Monday. Defendants have had our billing entries for more than a week, which is more than sufficient to review the 7 pages. Anne and I also note that you still have not provided us a specific date and time to conduct the meet and confer and that you continue to push off the date. As you know, Anne and I have been asking for more than a month to set the meet and confer and still do not have a date certain. Because you continue you have had the billing entries for more than a week and you still have not provided us a date certain, we will be discussing the fee award on Monday.

In preparation for Monday, Anne and I want to address some of the issues you flag below.

First, we provided you the time entries relating to the expenses awarded by Judge Jantz as a sanction. Judge Jantz ruled that "pursuant to Rule 37(a)(5), the Wireless Defendants are directed to pay Plaintiffs' expenses in bringing their motion to compel." [Doc. 257]. Rule 37(a)(5) reads that "if the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, **including attorney's fees**." FRCP 37(a)(5) (emphasis added). Thus, Anne and I are entitled to our attorneys' fee for bringing the motion. Because Judge Jantz ordered that the parties try to resolve this sanction, Anne and I are willing to compromise on some of the fees sought but please do not take our willingness to be reasonable as anything more than that. If we cannot reach an agreement on the amount of the sanction, then Anne and I are prepared to defend our time entries.

Second, your claim that "there are over 80 hours that you submitted for a 4 hour deposition where you already had questions prepared" is preposterous and without merit. What is the basis for claiming that we "already had questions prepared"? The billing entries we provided plainly show that Anne and I prepared a new outline and otherwise spent an appropriate and reasonable amount of time preparing to "re-depose properly educated" Rule 30(b)(6) designees. Anne and I would suggest you read the October 5 Order more closely because Judge Jantz ruled that Defendants had not properly prepared their Rule 30(b)(6) designees and,

therefore, Plaintiffs were allowed to re-depose the designees on certain topics. The time billed was necessary to adequately prepare for and re-depose the designees and included, among other things, time to review and analysis Defendants' Rule 30(b)(6) designation, numerous email communications with Defendants necessary to understand the Rule 30(b)(6) designations, review prior testimony, prepare an outline and respond to Defendants' emergency motion. Additionally, Anne and I had to spend an exorbitant amount of time trying to get Defendants to reschedule the deposition in response to Aaron's technical issues. Defendants' counsel also acted in a demeaning manner towards Anne which we hope is behind us and will never be repeated. If you believe that the time billed was excessive, then we invite you to share your billing entries for time you and Aaron spent preparing for the re-deposition as well as the time you and Aaron spent preparing the designees for the re-depositions.

Third, Anne and I billed a reasonable amount of time for briefing the Motion to Compel and for Sanctions [Doc. 238]. In order to prepare the motion to compel, Anne and I had to carefully review more than 10 hours of testimony which was approximately 580 pages of transcript. We also needed to conduct research to support the motion. Anne and I filed a 15-page motion that contained more than 75 pin cites and ample case law. We are also required to review and analyze Defendant's 15-page opposition and 7 exhibits. If you believe that the time billed was excessive, then we invite you to share your billing entries for reviewing and opposing the motion as well as the time you spent reviewing the relevant transcripts.

Fourth, Anne and I already reduced our total hours by approximately 13 hours which accounts about $5,900 reduction in the amount sought. For example, Anne and I did not bill for 2 attorneys to attend the deposition. We also were mindful to avoid double billing except for those instances that needed 2 lawyers.

We look forward to Monday's meet and confer.

Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800

F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Friday, December 10, 2021 7:08 PM
**To:** Bradley Levison <brad@hlhlawyers.com>; Antoinette Choate <annechoate@gmail.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Brad,

I did respond two days ago in my email after our call, and also responded to your meet and confer requests during our call this week. Instead of responding to those dates you chose to send an email afterward ignoring that and pretending I didn't provide you with my availability. I'll repeat those points below. As for your two emails today, I"ll respond to them below as well.

The meet and confer about Ms. Hunter's deposition has been completed and the parties could not come to an agreement to reopen Ms. Hunter's deposition.

I also provided my availability for a meet and confer call about the Khalil depositions on Monday at 10am. I am planning on sending a written response this weekend prior to the call. I will also review the joint status report and respond as well.

I am available to meet and confer at the end of next week regarding the fees you submitted and will not be prepared for one on Monday.

There are over 80 hours that you submitted for a 4 hour deposition where you already had questions prepared. You also never sent the excel version of the fees to me so it is taking a lot longer to work through the fees and draft responses. You also appear to bill for a number of items completely unrelated to either bringing the motion or the 4 hour deposition which is causing delay in going through your proposed fees. For instance, there is a 2.4 hour entry for " Analysis of Judge Jantz's order granting in part and denying in part our motion for sanctions as to the 30(b)(6) depositions for you, and a 1.5 hour entry for Anne to "review order thoroughly." The Oct 5 order addressed a number of other issues and motions entirely unrelated to the continued 30b6 deposition.

Judge Jantz ordered Defendants to pay "Plaintiffs' expenses in bringing their motion to compel" and "to the reasonable expenses incurred in attending and taking the Wireless Defendants' further Rule 30(b)(6) deposition(s) on Topic Nos. 8, 23, and 26-30, including attorneys' fees and the costs of transcription."

The continued deposition lasted 4 hours, so if you count 4 hours for both of you to attend, that leaves 78 hours that you billed to "bringing their motion to compel" which is excessive and appears to be an abuse of the Judge's Order granting these sanctions. It is not reasonable to bill 2.4 hours to read the Judge's Order, especially when only about 6 of the 15 pages of the order even relate to the Motion to Compel the 30b6 deposition. These are all obstacles in getting to what is supposed to be a "reasonable" number. I'd invite you and Anne to review the fees you submitted and remove any billing unrelated to this motion or deposition and resubmit the proposed fees. Otherwise, we are likely to be far apart on what our clients are willing to offer. If this is simply a negotiating position that you intended on coming down off of, then that is also not an appropriate way to approach the fees awarded. I also have questions about a number of the entries. For instance, one just says "Motion for sactions *(sic)* re 30(b)(6) (2.2)" with no context or explanation. And this is only a preliminary review of your fees.

I would appreciate acknowledgement of the availability I previously communicated to you before you sent these emails.

Dan

On Fri, Dec 10, 2021 at 2:58 PM Bradley Levison <brad@hlhlawyers.com> wrote:

> Dan,
>
> We are still waiting for a response. At a minimum, please confirm that you have received our prior emails.
>
> Brad
>
> HLH
>
> Bradley Levison
> Herschman Levison Hobfoll PLLC
> 401 S. LaSalle Street, Suite 1302G
> Chicago, Illinois 60605
> O: 312.870.5800
> F: 312.786.5921
> **D: 312.819.6360**
> brad@hlhlawyers.com
> www.hlhlawyers.com

**From:** Bradley Levison
**Sent:** Friday, December 10, 2021 10:19 AM
**To:** Dan Gajda <dsgajda@madufflaw.com>; Antoinette Choate <annechoate@gmail.com>
**Cc:** Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** RE: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Dan,

We have had no response to our email below. Please confirm by close of business today that you and/or Aaron are available to meet and confer on December 13, 2021 at 10 am.

Attached is the start of a draft Joint Status Report. We are hopeful that some of the issues may be resolved and/or narrowed at the meet and confer. To the extent parties agree, we can add a new section 1 for "Parties' Position".

Finally, we are still waiting for Defendants' response to Plaintiffs' December 6th proposal regarding Moeen Khalil and Saed Khalil. Anne and I believe this is a straightforward issue insofar as Judge Jantz ordered Moeen Khalil and Saed Khalil to answer questions about their personal finances. [Doc. 257]. Nonetheless, Moeen Khalil and Saed Khalil refused to answer most, if not all, questions about their personal finances. (See Moeen Khalil's November 9, 2021 Deposition at 239, 240-241; 247:4-14, 25; 248:1-6; 251:13-25; 252:1-7, 16-25; 253:1-14; 257:7-25; 258:1-18; 278:4-9; 281:24-25; 282:1-21) (See Saed Khalil's November 9, 2021 Deposition at 155:4-5, 7-9; 156:19-20, 23-24; 157: 23-25; 158; 159:1-7; 160:17-24; 161; 161:2-24; 163:18-25; 164:1-9; 166:5-10; 168:1-10, 24; 169:1-3, 18-25; 170:2-16; 172:19-25; 178:18-25; 179:2-10; 186; 187:1-10, 17-21; 188:11-17; 189:19-25; 190; 191:15-23; 192:7-10, 15-25; 193:8-11, 19-25; 194:2-11; 195:5-25; 196-202; 205:3, 5, 10-13; 209:13-20; 210:11-19; 213-214; 215:1-6; 218:20-24; 219; 221:13-16). Most notably, Saed Khalil testified that "I don't want him to get into my personal business" (158:18-19) and later said "don't ask me anything about personally" (159:7). Anne and I would like to avoid further motion practice and believe the December 6th proposal is reasonable and appropriate.

If you disagree that Judge Jantz ordered Moeen Khalil and Saed Khalil to answer questions about their personal finances, then please provide your position in writing so that Anne and I may consider it before our meet and confer.

Brad

HLH

Bradley Levison

Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**
brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Bradley Levison
**Sent:** Wednesday, December 8, 2021 3:41 PM
**To:** Dan Gajda <dsgajda@madufflaw.com>; Antoinette Choate <annechoate@gmail.com>
**Cc:** Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** RE: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Dan,

Your attempt to set an arbitrary deadline is nonstarter as you continue to refuse to engage in a meaningful LR37.2 meet and confer. Plaintiffs' position about today's call was set forth in my prior email that I sent at 11:20 am and which does not appear in this chain. For clarity, here was my email:

> Dan,
>
> This email shall summarize the parties' December 8, 2021 telephone conversation. You refused to provide us a meaningful opportunity to review your email sent at 12:37 AM. You also refused to discuss Plaintiffs' proposal regarding Moeen Khalil and Saed Khalil claiming that two days was insufficient to review our detailed email.
>
> We do not believe today was a meaningful meet and confer about Ms. Hunter because we still do not have pin cites, do not have a breakdown of the costs that you claim you are entitled to, and we do not have case law supporting your position about speaking objections and/or privilege. You have never provided us a list of questions that you believe were asked and never answered by Ms. Hunter. You also refused to provide us an explanation about why Defendants did not waive all their complaints as a result of Aaron deciding to only ask approximately an hour of questions despite having been provided 2 hours with the witness.
>
> We would like to engage in a meaning meet and confer once you provide us the missing information. We believe this reasonable and consistent with LR37.2. We have already proposed a meet and confer for this Friday but Aaron has not told us if he is available. IF Friday does not

work, then propose a time on Thursday or a time on Monday to discuss Ms. Hunter, the Khalil depositions, the joint status and the sanction award.

Brad

I do not believe you have offered any specific dates or times for our follow up call. For example, we sent you a calendar invite for this Friday to which neither you nor Aaron responded.

We disagree that the October 5, 2021 Order provided Defendants unfettered questioning as to damages. You refuse to provide us the basis for your claim that Judge Jantz ordered Ms. Hunter to testify about the broad category of damages. Judge Jantz ordered Ms. Hunter to answer questions about the authorizations that were not Bates stamp and any follow up question from flowing that. Ms. Hunter did answer questions about the single authorization shown to her and denied her signature appeared on the document. Aaron's follow up questions about the exhibit were an improper hypothetical. We again invite you provide us more detail and explanation of your position (including pin cites) so that we can fully and completely respond. We also ask that you provide us Defendants' position about the waiver issue raised in Anne's October 26th email. For your convenience, I attached that email.

To the extent you are now willing to schedule the follow up meet and confer then we suggest Monday, December 13 at 10 am. This call will be to address our issues related to Moeen Khalil and Saed Khalil, your issues as to Datisha Hunter, the joint status report and the sanction award. We believe the issues related to Moeen Khalil and Saed Khalil are straightforward as each refused to answer any and all questions about their personal finances in plain contravention of Judge Jantz's order which is cited below.

Brad

Bradley Levison
Herschman Levison Hobfoll PLLC
401 S. LaSalle Street, Suite 1302G
Chicago, Illinois 60605
O: 312.870.5800
F: 312.786.5921
**D: 312.819.6360**

brad@hlhlawyers.com
www.hlhlawyers.com

---

**From:** Dan Gajda <dsgajda@madufflaw.com>
**Sent:** Wednesday, December 8, 2021 11:48 AM
**To:** Antoinette Choate <annechoate@gmail.com>
**Cc:** Bradley Levison <brad@hlhlawyers.com>; Aaron Maduff <abmaduff@madufflaw.com>
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil

Anne and Brad,

I'd like to note you both terminated the call before I had finished speaking while we were still discussing Ms. Hunter's deposition.

You refused to even discuss Ms. Hunter's deposition at the outset and spent the first 30 minutes demanding "Yes or No" responses about the Khalil depositions. You interrupted and cut me off every time if I didn't respond "yes or no." The call we agreed to was to be about Ms. Hunter's deposition. We never agreed to discuss the Khalil depositions beyond noting that I received your email and would respond to it in a timely manner.

You then wanted to continue the 37.2 about Ms. Hunter's deposition and not engage in one. This suggests you did not agree to this date in good faith and intended on continuing the 37.2 about Ms. Hunter so you could conduct a call about the Khalil depositions that I was not prepared to discuss.

I suggested Monday or Tuesday next week for a call about the Khalil depositions and Thur or Fri next week for what is likely to be an initial call about the fees and you refused to schedule either date.

I made our position about Ms. Hunter's uncooperative and evasive deposition and your improper objections known back on Nov 15, and I provided more than sufficient information in my subsequent emails to schedule a call. You flatly refused to even calendar a date for the meet and confer, instead demanding more information prior to even agreeing to schedule the call. This caused an almost 3 1/2 week delay in conducting this call.

You did not offer any suggestions on how to cure the deficiencies in Ms. Hunter's deposition and disagreed with every point about Ms. Hunter's "I don't remember" or "I don't know" responses. I also informed you that your objections appeared to be coaching the witness as to when she should or should not answer.

We believe Ms. Hunter's testimony during her continued deposition was even

less cooperative than her initial testimony and that Defendants were prevented from obtaining the information Judge Jantz ordered the deposition reopened for. You were also provided sufficient explanation as to why we believe Ms. Hunter's testimony was uncooperative and evasive and did not comply with the Judge's order. I explained in detail why Aaron was repeatedly blocked in his questioning by Ms. Hunter's "I don't know" or "I don't remember" responses, and that he was unable to ask any substantive follow-up questions as a result.

This was particularly important regarding the damages questions that were asked by Aaron that Ms. Hunter refused to answer again, including asserting privilege on her own without instruction from you.

Therefore as I stated during the call, we will have to move to reopen Ms. Hunter's deposition so that we can obtain the answers to the questions Judge Jantz ordered the deposition reopened for initially. If you agree today to reopening the deposition then please let me know and we can file a joint motion, otherwise I can't delay filing this motion any longer.

I disagree with the email you just sent a few minutes after the 37.2 call today that again misstates what was said or argued during the call. I said to you that you would likely send out an email quickly that misstates what was said and our position which you have now done. I invite a response today to this email about reopening Ms. Hunter's deposition and consider the 37.2 call about it completed.

Thanks,

Dan

On Wed, Dec 8, 2021 at 9:56 AM Dan Gajda <dsgajda@madufflaw.com> wrote:

> Here is the call in number: 312/667-4792 code 194866
>
> I disagree with your email and will discuss it further with you on the call.
>
> Dan
>
> On Wed, Dec 8, 2021 at 9:10 AM Antoinette Choate <annechoate@gmail.com> wrote:
>
> > Dear Dan,
> >
> > Emailing us at 12:36 AM about a meet and confer that is scheduled to start less than 10 hours later at 10 AM is not in good faith. This is especially true when we have been repeatedly asking for more than a week for you to provide us citations to the record. You still provide little or no citations to support your broad assertions. For example, you claim there were speaking

objections but offer no examples whatsoever.

We also note that you ordered two-day delivery for Ms. D. Hunter's deposition meaning you had the transcript for almost a month and a half and still provide us no details. In contrast, we received Saed Khail's deposition transcript on December 3, and Moeen Khalil's deposition transcript on December 5 and emailed you on December 6 about their deficiencies. Our email was detailed, with pin-point citations and a specific proposal to address the deficiencies. You have had more than sufficient time to consider our proposal and these straight-forward issues. Thus, we find your attempt to push off resolving this nothing more than a stall tactic.

That being said, you still failed to: (1) provide a call-in number for our call in an hour; and (2) let us know if Aaron is available tomorrow or Friday for a meet and confer.

Talk to you soon,
Anne

On Wed, Dec 8, 2021 at 12:36 AM Dan Gajda <dsgajda@madufflaw.com> wrote:
>
> Brad,
>
> Based on your insistence that the 37.2 requires citations to the deposition, I thought I would provide an outline of what I intend to go through tomorrow so it's easier to follow along. There was also never a time limit agreed to when we scheduled this call, you even picked the date and time, and I expect to be provided with the time necessary to address all issues with Ms. Hunter's continued deposition testimony.
>
> Specifically, we are likely to ask the Court to reopen Ms. Hunter's deposition based on her uncooperative and evasive responses. I contemplated other ways to address the issues in her testimony but reopening her deposition appears to be the only way that will not prejudice Defendants. Written responses, or the types of supplemental answers drafted by Ms. Hunter's counsel are not sufficient and prevents and limits Defendants from asking relevant follow-up questions. This would also permit Ms. Hunter to circumvent Judge Jantz's Oct. 5th Order by remaining uncooperative during her continued deposition only to have her attorneys negotiate written responses in place of her testimony when the Judge ordered the deposition reopened. Defendants were also prevented from inquiring about Ms. Hunter's damages, work history, and other topics that I previously outlined in my emails to you. The Defendants also incurred additional costs in bringing the motion, conducting the continued

deposition and potential additional costs that I believe they should be reimbursed for if that were to happen.
> If there is an alternative suggestion, then I am open to hearing one but it appears that reopening Ms. Hunter's deposition is the only way for Defendants to obtain the information Judge Jantz initially ordered the deposition reopened for.
>
> Also, the deposition was conducted on Oct. 25. Anne sent her email changing and supplementing Ms. Hunter's testimony the next day and welcomed a 37.2 call on the issues once we provided our written position. I obtained the transcript and reviewed it, and then requested the 37.2 on November 15. You then refused to even schedule a call until Dec. 8 and added the requirement that you needed specific citations. I fulfilled Anne's request to put our position in writing and with particularity and requested the call. You unreasonably delayed this call for three and a half weeks and Judge Jantz should know about this timeline if a motion needs to be filed since our reply would be due the first week of January.
>
> Here are the issues I wish to address that I previously mentioned in my emails:
> 1. Ms. Hunter's testimony was uncooperative and evasive. Ms. Hunter said "I don't know" or "I don't remember" an excessive amount of times during the deposition. This was a different demeanor compared to her informal discussions she had with you on the record while Aaron and I took a break. She seemed to have no issues recalling dates, events, details, and other specifics that then differed with her responses to questions.
> 2. Improper Objections by Counsel: There were speaking objections and other improper objections and commentary by counsel throughout the deposition that made questioning Ms. Hunter nearly impossible. Many questions were followed by listing objections, speaking objections, instructing the client that the question exceeded the scope of the Judge's order but to answer anyway, and other similar instructions telling the witness when to answer and providing other instructions. This happened throughout the entire continued deposition but I am happy to point out specific sections during the call. This impeded the deposition and appeared to provide signals to Ms. Hunter as to how to answer. Many times her response of "I don't know" followed speaking and other improper objections.
> 3. Questions related to damages: This is a topic where Ms. Hunter failed to answer in response to all of the questions posed. Ms. Hunter refused to answer by saying that it was between her and her lawyers, but you did not instruct her to not answer based on privilege and did not instruct her to answer when she cited the privilege. Pages 244-248; 262-268.
> 4. Attorney-client privilege and conversations during breaks and in-between Ms. Hunter's deposition testimony: Pgs. 244, 270, and in many

other places; Counsel for Plaintiff made objections to calling Ms. Hunter's deposition a continued deposition and therefore instructed her not to answer questions about conversations during breaks or in-between her deposition testimony. Counsel for Plaintiff then went and asked the same questions of our clients while calling their testimony continued depositions. Specifically, on pg. 300, it was stated as follows: 1. MR. LEVISON:· And I want -- I don't want -- for purpose of the record, I want to clarify while this is the second part court-ordered deposition, the time between is not a continuation.· This was an order to specific things. Subject to those objections, you can answer." Ms. Hunter did not answer the question in the end. Ms. Hunter refused to answer a similar question about when she first spoke with Plaintiffs' counsel:Pg. 270· Q.· ·Ms. Hunter, when did you first speak to ·3· Mr. Levison? ·4· · · MR. LEVISON:· Objection.· Exceeds the scope of ·5· the order. ·6· · · · · · · ·You can answer subject to the ·7· objection. ·8· BY THE WITNESS: ·9· · · A.· ·I've been knowing him all my life.

> Ms. Hunter never answered these questions.

> 5. Employment/Education Background Questions: Ms. Hunter even refused to cooperate or answer questions related to her employment outside of WirelessPCS or her educational background as foundational questions. Defendants were prevented from asking follow-up questions about Ms. Hunter's employment experiences relevant to her claims against Defendants. Anne attempted to supplement and change Ms. Hunter's testimony via email the next day which I believe shows that Ms. Hunter did not actually fail to recall but was intentionally evasive and uncooperative instead.

> Anne's email changes Ms. Hunter's testimony and instead testifies on her behalf. This prevents any relevant follow-up questions that could have been asked about where she worked, how she clocked-in and out, how she kept track of time, how she was paid, and how she understood a number of other issues that could have been raised during her deposition if she wasn't evasive and uncooperative. There was also a document titled "Executed Errata Sheet- Datisha Hunter" that was eventually delivered to our offices and that I received on Dec. 1. The dates on the sheet are about a month after the deposition took place. Further, the document attempts to supplement, replace, correct, and change Ms. Hunter's testimony about a month after the deposition and after I had already requested a 37.2 call on the topic. I also want to note that you refer to Ms. Hunter's deposition as "Continued" after the name of the witness. This is contrary to your objections during the deposition. I'm not sure if this document should be withdrawn or how it should be addressed but I am open to suggestions.

>

> This should be more than enough information to assist you during the call tomorrow. I also consider the 37.2 call completed once we have had our discussion and will be filing a motion if we can't come to an agreement by

phone tomorrow.
>
> As for the request to talk about the Khalil's depositions during the call about Ms. Hunter's deposition, I will be willing to discuss your email to the extent that I will acknowledge that I received it on Monday afternoon and will need time to respond to your request for responses to 10 questions from the named Defendants. I would also note that the Khalil's continued depositions were conducted on November 9 and you waited until Monday, Dec. 6 to email your 37.2 request for a call.
>
> Thanks,
>
> Dan
>
>
>
>
>
> On Tue, Dec 7, 2021 at 1:25 PM Bradley Levison <brad@hlhlawyers.com> wrote:
>>
>> Dan,
>>
>>
>>
>> This is to confirm the meet and confer scheduled for tomorrow (12/8) at 10 am. Please provide us a call in number. We note that we have one hour to cover all topics and propose spending no more than 50 minutes addressing Defendants' concerns with Ms. D. Hunter's deposition and spending approximately 10 minutes discussing the below proposal to cure the issues related to the Khalils' depositions.
>>
>>
>>
>> Brad
>>
>>
>>
>> Bradley Levison
>>
>> Herschman Levison Hobfoll PLLC
>>
>> 401 S. LaSalle Street, Suite 1302G
>>
>> Chicago, Illinois 60605

>>
>> O: 312.870.5800
>>
>> F:  312.786.5921
>>
>> D:  312.819.6360
>>
>> brad@hlhlawyers.com
>>
>> www.hlhlawyers.com
>>
>>
>>
>> From: Bradley Levison
>> Sent: Monday, December 6, 2021 1:39 PM
>> To: dsgajda@madufflaw.com
>> Cc: Antoinette Choate <annechoate@gmail.com>; Aaron Maduff <abmaduff@madufflaw.com>
>> Subject: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil
>> Importance: High
>>
>>
>>
>> Dan,
>>
>>
>>
>> We are requesting that during this Wednesday's LR37.2 meet and confer that the parties address Moeen Khalil and Saed Khalil's failure to comply with the October 5, 2021 Order. [Doc. 257]. As you know, Judge Jantz denied Defendants' motion for protective order and ordered the Khalils to answer questions about their personal finances. Specifically, Judge Jantz ruled that:
>>
>>
>>
>> Given the circumstances presented, Defendants have not demonstrated good cause for a protective order to issue. First, to show good cause, Defendants must submit "a particular and specific demonstration of fact." Flores v. Bd. of Trustees of Comm. College Dist. No. 508, No. 14 C 7905, 2015 WL 7293510, at *3 (N.D. Ill. Nov. 19, 2015) (quoting Gulf Oil, 452 U.S. at 102 n.16); In re Watts Coordinated Pretrial Proc., No. 19 C 1717, 2020 WL 7398789, at *3 (N.D. Ill. Dec. 17, 2020) (same). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are

insufficient." Flores, 2015 WL 7293510 at *3. Here, Defendants argue generally that questions about the Khalils' finances and assets are irrelevant, upsetting, and therefore oppressive.
>>
>>
>>
>> Even if Defendants were correct that questions regarding the Khalils' businesses and investments were irrelevant, that alone would not render the questions oppressive or otherwise provide a proper basis for Defendants to have suspended questioning. See FED. R. CIV. P. 30 (c)(2), (d)(3). This case is not like Defendants' cited authorities, Dent v. U.S. Tennis Assn., No. CV-08-1533, 2010 WL 1286391, *1 (E.D.N.Y. March 30, 2010) and Finch v. City of Indianapolis, No. 08-CV-0432, 2011 WL 2516242 (S.D. Ind. June 23, 2011), in which the courts barred premature deposition questions about a defendant's net worth. In Finch, the court determined that the individual defendant's personal net worth was relevant to the claim for punitive damages, but that the potentially dispositive issue of qualified immunity should be resolved first, 2011 WL 2516242, at *3-4, whereas in Dent, the court explained that the defendant's net worth would only become relevant upon a finding that punitive damages should be awarded. Dent, 2010 WL 1286391, at *1.
>>
>>
>>
>> To the contrary here, it is not the case that the suspended questions are only potentially relevant upon a determination of liability or some other threshold determination. Plaintiffs were not only prevented from questioning the Khalils as to their personal wealth, but also as to issues relevant to the theory of piercing the corporate veil [Defs' Prot. Order Mot. at 3-4, No. 10, 14, 17.] Exploration of the relationship and payment arrangements between the Khalils, WirelessPCS Chicago LLC, and SkyNet Wireless IL LLC, and ACO Wireless LLC, the management company through which Saed Khalil testified he, Moen Khalil, and certain other executives were paid, is relevant or may lead to relevant information regarding whether those entities maintained their separate corporate identities, or whether Plaintiffs may pierce the corporate veil. Although such issues may be addressed in post-judgment collection proceedings as Defendants observe, they also may be addressed as a means of imposing personal liability for Plaintiffs' claims. See, e.g., Mobimeds, Inc. v. E-MedRx Sols., Inc., No. 19-CV-3224, 2021 WL 3264408, at *3-4 (C.D. Ill. July 30, 2021) (rejecting argument that discovery related to piercing the corporate veil is only a post-judgment matter); Fontana v. TLD Builders, Inc., 840 N.E.2d 767, 776 (Ill. App. Ct. 2005) ("The doctrine of piercing the corporate veil is an equitable remedy; it is not itself a cause of action but rather is a means of imposing liability on an underlying cause of action, such as a tort or breach

of contract.” (Internal quotations omitted)).
>>
>>
>>
>> As the Court observed in Dent, “[t]ypically, relevance concerns are not a basis for limiting questioning at a deposition,” 2010 WL 1286391, at *1, and Defendants have not demonstrated that it is a basis for doing so here. Accordingly, the motion is denied.
>>
>>
>>
>> [Doc. 257] (emphasis added).
>>
>>
>>
>> During their respective depositions, both Moeen Khalil and Saed Khalil refused to answer questions about their personal finances including, among other things, mortgages that they hold, properties that they own, personal loans, etc. (See Moeen Khalil’s November 9, 2021 Deposition at 239, 240-241; 247:4-14, 25; 248:1-6; 251:13-25; 252:1-7, 16-25; 253:1-14; 257:7-25; 258:1-18; 278:4-9; 281:24-25; 282:1-21) (See Saed Khalil’s November 9, 2021 Deposition at 155:4-5, 7-9; 156:19-20, 23-24; 157: 23-25; 158; 159:1-7; 160:17-24; 161; 161:2-24; 163:18-25; 164:1-9; 166:5-10; 168:1-10, 24; 169:1-3, 18-25; 170:2-16; 172:19-25; 178:18-25; 179:2-10; 186; 187:1-10, 17-21; 188:11-17; 189:19-25; 190; 191:15-23; 192:7-10, 15-25; 193:8-11, 19-25; 194:2-11; 195:5-25; 196-202; 205:3, 5, 10-13; 209:13-20; 210:11-19; 213-214; 215:1-6; 218:20-24; 219; 221:13-16). Most notably, Saed Khalil testified that “I don’t want him to get into my personal business” (158:18-19) and later said “don't ask me anything about personally” (159:7).
>>
>>
>>
>> To avoid further motion practice, we propose the following which will allow us to obtain the necessary information and avoid having to conduct any further depositions of the Khalils. We request that: (1) Defendants pay for the court reporter and transcripts fees related to the November 9th depositions; (2) Moeen Khalil and Saed Khalil each produce their complete state and federal tax returns (inclusive of all schedules and forms) for the years of 2014 through 20202; and, each provide full and complete written answers (without any objection) to the following interrogatories:
>>
>>
>>
>> 1. Provide social security number.
>>

>> 2. Name companies invested in since 2014 and where each banks.
>>
>> 3. Dates and amount invested in each company identified above and any loans or capital contributions made since 2014.
>>
>> 4. Identify who (persons and entities) is paying the individual defendant's legal fees in this matter.
>>
>> 5. Identify and provide any written contracts between any company you have invested in where one provides services or goods for another.
>>
>> 6. List of all properties owned (personal and commercial) and provide the last known value of the property, whether is a mortgage, and the amount on any mortgage on the property.
>>
>> 7. List all properties (personal and commercial) sold between 2014 and 2020 and for each provide the sales price.
>>
>> 8. List all loans entered into between 2014 and 2020 including the amount of loan, loan terms and current status of the loan.
>>
>> 9. List all judgments entered against the individual defendant since 2014 including the type of judgment, the amount of the judgment and current status of the judgment.
>>
>> 10. State in detail how the proceeds from the sale of the Chicago locations were used.
>>
>>
>>
>> We can discuss these issues and your response during Wednesday's LR37.2 meet and confer.
>>
>>
>>
>> Thanks.
>>
>>
>>
>> Brad
>>
>>
>>
>>
>>

>>
>>
>> Bradley Levison
>>
>> Herschman Levison Hobfoll PLLC
>>
>> 401 S. LaSalle Street, Suite 1302G
>>
>> Chicago, Illinois 60605
>>
>> O: 312.870.5800
>>
>> F:  312.786.5921
>>
>> D:  312.819.6360
>>
>> brad@hlhlawyers.com
>>
>> www.hlhlawyers.com
>>
>>

EXHIBIT C

**From:** Dan Gajda
**To:** Antoinette Choate
**Cc:** Bradley Levison; Aaron Maduff
**Subject:** Re: Hunter, et al. v. WirelessPCS, et al. re: Moeen Khalil and Saed Khalil
**Date:** Monday, December 13, 2021 11:44:07 AM

Anne,

I state again, there was no agreed to call today, so I sent our written position about the Khalils instead that you only responded to in writing rejecting it, and now appear to not want to schedule a call about the Khalils' depositions.

I remain available for a call about the Khalil depositions later today after 5pm, or any time Tues, Wed, Thur, or Fri. Or if you'd rather like to respond to our position in writing then please do so.

Dan

On Mon, Dec 13, 2021 at 11:37 AM Antoinette Choate <annechoate@gmail.com> wrote:

> Dan,
>
> Your position is inconsistent and undermined by your prior conduct. Brad and I repeatedly told you before, during, and after the Dec. 8 call that we could not meaningfully respond to your concerns regarding Datisha Hunter's deposition because you refused to provide pin cites or any details about your position. The first time you provided some details was Dec. 8 at 12:37 a.m. During the Dec. 8 call, I suggested we use the call as an opportunity to ask questions about your position and then allow us a day or two to consider your position before engaging in frivolous motion practice. We even followed up with emails about this, which you ignored. Instead, you claim you satisfied 37.2 by merely having us on the phone and filed your motion late Sunday. We note your motion is deficient on its face as it recognizes that we never engaged in a 37.2 meet and confer.
>
> As to the Khalil depositions, you are avoiding us as you appear to believe that the facade of two parties on a phone call results in meeting 37.2 obligations. This misreading of the rule stands in stark contrast to arguments you made to the Court [Doc. 250]. We cannot engage in this game of whack-a-mole with you to see if you will in fact attend a call and what topics you are willing to discuss before you even agree to attend a call.
>
> We have already wasted 15 minutes waiting for you to get on a call that you elected not to join. Your decision not to attend today's clearly states your position and waived your right to now cure your wrongful conduct by claiming you are available after hours. The call was today and you failed to attend. That said, Brad responded to your position regarding the Khalils and we disagree. (It is below).
>
> We want to be clear, an agreed call is an agreement that parties will meet and speak. Brad and I have met our obligations under 37.2 by emailing you a detailed position as to Moeen Khalil and Saed Khalil on Dec. 6, trying to discuss it on Dec. 8, and again this morning. You have refused to answer our questions or join the call.
>
> Anne