**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DATISHA HUNTER, LATRICIA HUNTER, )
and WILFREDO RIVERA, AS THE )
COLLECTIVE REPRESENTATIVES )
UNDER FAIR LABOR STANDARDS ACT IN A )
COLLECTIVE ACTION, and as CLASS )
REPRESENTATIVES FOR PLAINTIFFS' )    Case No. 1:18-cv-980
STATE AND LOCAL LAW CLAIMS, )
 )    Honorable Judge Beth W. Jantz
         Plaintiffs, )
 )    **Jury Demanded**
    v. )
 )
WIRELESSPCS CHICAGO CHICAGO LLC, )
SKY NET IL WIRELESS IL LLC, )
MOEEN HASAN KHALIL,  individually, )
and SAED HASAN KHALIL, individually, )
 )
         Defendants. )

**THIRD AMENDED CLASS ACTION COMPLAINT**

Datisha Hunter, Latricia Hunter, and Wilfredo Rivera (collectively "Plaintiffs"), on behalf

of themselves and all other persons similarly situated, known and unknown, through their

attorneys, for their Third Amended Complaint against WirelessPCS Chicago Chicago LLC, Sky

Net IL Wireless IL LLC, Moeen Hasan Khalil, individually, and Saed Hasan Khalil, individually,

(collectively "Defendants") state as follows:

**Nature of the Case**

1.      Plaintiffs allege and will prove individually and on behalf of themselves and other

similarly-situated current and former employees of the Defendants that they, under federal, state,

and local wage laws, are entitled to be paid for all hours worked and to receive minimum wage

and overtime as well as all earned wages and commissions.

2.      Plaintiffs bring certain claims as a collective action pursuant to Section 216(b) of the FLSA. *See* Plaintiffs' Consent to Represent, attached hereto as Group Exhibit A. Plaintiffs will also seek to certify certain state law claims as a class action pursuant to Fed. R. Civ. P. 23(a) and (b).

3.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), Cook County Minimum Wage Ordinance, 42-13 *et seq.* ("CCMWO"); and Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-020 *et seq.* ("CMWO") for Defendants': 1) failure to pay Plaintiffs and other similarly situated employees minimum wages for all time worked in violation of the FLSA, the IMWL, CCMWO, and CMWO; 2) failure to pay Plaintiffs and other similarly situated employees overtime wages for all hours worked over forty (40) in individual workweeks in violation of the FLSA, the IMWL, CCMWO, and CMWO; 3) failure to pay Plaintiffs and other similarly situated employees for all time worked; 4) unlawful deductions in violation of the IWPCA; and 5) failure to pay earned commissions in violation of the IWPCA. Plaintiffs also bring claims Defendants': and 6) retaliating against Ms. Datisha Hunter and Ms. Latricia Hunter when each complained of wage violations by firing them.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b) known as the Fair Labor Standards Act and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district as the Plaintiffs worked for the Defendants in the Northern District of Illinois and the facts and events giving rise to Plaintiffs' claims occurred

in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction. 28 U.S.C. §1391(b).

**Parties**

6.   At all relevant times, Plaintiffs have:

   a.   resided in the state of Illinois and within this judicial district;

   b.   handled goods that moved in interstate commerce; and

   c.   been an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(d), the IWPCA, 820 ILCS 115/2, and the IMWL, 820 ILCS 105/3(d).

7.   WirelessPCS Chicago LLC ("WirelessPCS Chicago") is and at all relevant times was a registered Illinois limited liability company with its principal place of business located at 14537 S. Military Trail, Suite B, Delray Beach, FL 33484.

8.   Saed Hasan Khalil is and at all relevant times was the registered managing member of WirelessPCS Chicago.

9.   On information and belief, at all relevant times Saed Hasan Khalil was the sole member of WirelessPCS Chicago.

10.   Sky Net IL Wireless IL LLC ("Sky Net IL") was a registered Illinois limited liability company with its principal place of business located at 14537 S. Military Trail, Suite B, Delray Beach, FL 33484.

11.   Prior to its involuntary dissolution, Moeen Hasan Khalil and Saed Hasan Khalil were the registered managing members of Sky Net IL.

12.   On information and belief, at all relevant times Moeen Hasan Khalil and Saed Hasan Khalil were the sole members of Sky Net IL.

13.   Until its involuntary dissolution, Hamad Brothers, Inc. ("Hamad Brothers") is and at all relevant times was a registered Illinois domestic corporation.

14.     Upon and information belief, Mohammed Ghaben ("Ghaben") was been the owner of Hamad Brothers, Inc.

### Piercing the Corporate Veil

15.     On information and belief, Saed Khalil and Moeen Khalil have owned, been a member of, or are an officer or agent of over 50 corporations.

16.     WirelessPCS FL, LLC (a Florida corporation), ACO Wireless, LLC (a Florida corporation), Sky Net Wireless, LLC (a Florida corporation), and possibly other entities, served as "corporate" for the cell phone stores that Saed Hasan Khalil and Moeen Hasan Khalil invested in and/or operated throughout the United States.

17.      "Corporate" and the key personnel employed by "corporate" were responsible for, among other functions, all policies, procedures, payroll management, accounting, human resources, information technology, website and email addresses for the cell phone stores that Saed Hasan Khalil and Moeen Hasan Khalil invested in and/or operated throughout the United States.

18.     On information and belief, during the relevant time period, Saed Hasan Khalil and Moeen Hasan Khalil utilized the same business strategy for all the cell phone businesses they invested in and/or owned such that they would incorporate the business in the state where the stores were located, *i.e.*, stores located in Colorado were incorporated in Colorado as WirelessPCS CO, LLC, but would not observe proper corporate governance insofar as all the cell phone businesses were operated and controlled by the same key personnel who were located in Florida at "headquarters" and employed by "corporate."

19.     On information and belief, Saed Hasan Khalil and Moeen Hasan Khalil owned All You Can Talk USA, LLC (a Florida corporation) and set up a website ayctwireless.com for their

cell phone businesses. Employees, regardless of which alter-ego they worked for, were provided an email address at ayctwireless.com.

20.     At all relevant times, there was a unity of interest and ownership between Sky Net IL, WirelessPCS Chicago Chicago, the "corporate" entities, and the Khalils such that the separate personalities of the corporations and the parties who compose it no longer existed. For example:

   a.   Moeen Hasan Khalil and Saed Hasan Khalil were engaged in inappropriately transferring assets of value among the "corporate" entities, Sky Net IL, and WirelessPCS Chicago without the exchange of substantive benefit.

   b.   All meaningful assets ended in the possession of either Moeen Hasan Khalil and Saed Hasan Khalil or the corporate entities and not Sky Net IL or WirelessPCS Chicago.

21.     Sky Net IL and WirelessPCS Chicago were both controlled by Moeen Hasan Khalil and Saed Hasan Khalil who were in complete control of the corporations.

22.     Sky Net IL and WirelessPCS Chicago were alter egos of each other and of Moeen Hasan Khalil and Saed Hasan Khalil. The alter ego relationship is supported by, among other things:

   a.   Sky Net IL and WirelessPCS Chicago were inadequately capitalized.

   b.   the comingling of funds and assets and transfer of funds between corporate entities and the owners themselves;

   c.   failure to maintain arm's-length relationships among related entities; and

   d.   the use of "corporate" to conduct business for "leased" employees without contract or pay.

23.     The owners, Saed Khalil and Moeen Khalil, and the corporations failed to maintain real separate identities when they failed to follow proper corporate formalities. For instance, on information and belief, Saed Khalil and Moeen Khalil:

   a.   Failed to hold annual meetings of directors and shareholders or members;

    b.   Failed to keep accurate, detailed minutes of important decisions that are made at the meetings;

    c.   Failed to maintain arm's-length relationships among related entities;

    d.   Failed to adopt company bylaws; and

    e.   Failed to make sure that officers and agents abide by those bylaws.

24.      Sky Net IL and WirelessPCS Chicago' actions were wrongful or fraudulent. Namely, the owner(s) created the corporations as shields against liability. Further, they made business deals knowing the businesses couldn't pay the invoices, but that instead "corporate" or other companies they owed would pay the debts.

25.      Saed Khalil and Moeen Khalil not only used their own corporations, but, on information and belief, instructed Mohammed Ghaben to establish Hamad Brothers to use as another attempt to obscure ownership and create false entities to shield from liability.

26.      It would lead to an inequitable result if the acts at issue were treated as those of the corporations alone.

27.      Justice requires recognizing the substance of the relationship over the form because the corporate fiction distinguishing between Sky Net IL and WirelessPCS Chicago, Saed Khalil and Moeen Khalil is being utilized to perpetuate a fraud or defeat a rightful claim by Plaintiffs.

28.      Upon information and belief, (i) Sky Net IL and WirelessPCS Chicago, "corporate", Saed Khalil and/or Moeen Khalil have transferred assets between themselves without reasonably equivalent value received by the other entity, and likely for the purpose of delaying or hindering creditors, including Plaintiffs; and (ii) at all relevant times, Sky Net IL and WirelessPCS Chicago, "corporate", Saed Khalil and/or Moeen Khalil were closely intertwined.

29.      An equitable result is achieved by disregarding the corporate form and holding Saed Khalil and/or Moeen Khalil personally liable for Sky Net IL's and WirelessPCS Chicago's

liabilities as Sky Net IL and WirelessPCS Chicago have been drained of assets and, without piercing the corporate veil, Plaintiffs will be unable to recoup damages and monies owed.

**Ownership and Control of the Franchise Locations**

30.     From approximately 2014 through June 2018, WirelessPCS Chicago and Sky Net IL owned, managed and operated metroPCS franchises at several locations (the "Franchise Locations") throughout the Chicagoland area:

        a.     3305 W. 63rd St, Chicago, IL 60629

        b.     6247 S. Pulaski Rd., Chicago, IL 60629

        c.     4765 S. Ashland Ave., Chicago, IL 60609

        d.     5901 S. Morgan St., Chicago, IL 60621

        e.     849 W. 115 St., Chicago, IL 60643

        f.     4300 W. Fullerton Ave., Chicago, IL 60639

        g.     6005 W. Diversey Ave., Chicago, IL 60634

        h.     12301 S. Halsted, Chicago, IL 60628

        i.     8550 S. Harlem Ave., Bridgeview, IL 60455

        j.     4207 S. Sacramento Ave., Chicago, IL 60632 (closed)

31.     From approximately 2014 through June 2018, WirelessPCS Chicago Chicago and Sky Net IL acted jointly and held themselves out as being joint owners, managers and operators of the Franchise Locations.

32.     Moeen Hasan Khalil and Saed Hasan Khalil were the owners WirelessPCS Chicago and/or Sky Net IL from approximately 2014 until June 2018.

33.     At all relevant times, Saed Hasan Khalil held a significant ownership interest in WirelessPCS Chicago.

34.     On information and belief, at all relevant times, Moeen Hasan Khalil and Saed Hasan Khalil held a significant ownership interest in Sky Net IL.

35.     Upon information and belief, Moeen Hasan Khalil and Saed Hasan Khalil were responsible for creating pay policies for the Franchise Locations at all relevant times.

36.     Upon information and belief, Moeen Hasan Khalil and Saed Hasan Khalil were involved in the operation and management of the Franchise Locations from approximately 2014 until June 2018.

37.     Upon information and belief, at all relevant times, Moeen Hasan Khalil and Saed Hasan Khalil exercised operation control over significant aspects of the Franchise Locations' day-to-day functions, including the compensation of employees.

38.     Upon information and belief, at all relevant times, Moeen Hasan Khalil and Saed Hasan Khalil personally made the decision to continue WirelessPCS Chicago and Sky Net IL's operations despite financial adversity to the Plaintiffs and the Class during the period of nonpayment.

39.     On information and belief, at all times relevant, Ahmad Hamad was the Operation Manager for WirelessPCS Chicago and involved in the day-to-day operation and management of the Franchise Locations under the supervision and/or control of Moeen Hasan Khalil and/or Saed Hasan Khalil.

40.     On information and belief, Fatin Ittayem was Executive Manager for WirelessPCS Chicago and/or Sky Net IL and involved in the operation and management of the Franchise Locations from approximately 2014 until June 2018 under the supervision and/or control of Moeen Hasan Khalil and/or Saed Hasan Khalil.

41. Because at all relevant times Moeen Hasan Khalil was an ultimate decision-maker and/or enforcer of the decision to pay Plaintiffs and Class via the policies and procedures described herein, Moeen Hasan Khalil is personally liable for the owed wages.

42. Because at all relevant times Saed Hasan Khalil was an ultimate decision-maker and/or enforcer of the decision to pay Plaintiffs and Class via the policies and procedures described herein, Saed Hasan Khalil is personally liable for the owed wages.

43. For a period in 2017, Hamad Brothers and Ghaben reported to and took direction from either Fatin Ittayem, Ahmad Hamad, Moeen Hasan Khalil and/or Saed Hasan Khalil.

44. On or around June 6, 2018, WirelessPCS Chicago and Sky Net IL sold and/or transferred ownership of the following Franchise Locations:

   a. 12301 S. Halsted Street, Chicago, IL 60628;

   b. 6247 S. Pulaski, Chicago, IL 60629;

   c. 3305 W. 63rd Street, Chicago, IL 60629;

   d. 8550 S. Harlem Avenue, Bridgeview, IL 60455;

   e. 5901 S. Morgan, Unit B, Chicago, IL 60621;

   f. 4765 S. Ashland Avenue, Chicago, IL 60609;

   g. 849 W. 115th Street, Chicago, IL 60601;

   h. 4300 W Fullerton, Chicago, IL 60639; and,

   i. 6005 W. Diversey Avenue, Chicago, IL 60639.

45. Upon information and belief, WirelessPCS Chicago and/or Sky Net IL closed the store located at 4207 S. Sacramento Ave., Chicago, IL 60632 prior to the June 6, 2018 sale and, therefore, that location was not part of the sale.

**Hiring of Plaintiffs and their Employment at the Franchise Locations**

46.     WirelessPCS Chicago and/or Sky Net IL hired each Plaintiff as follows:

      a.     Around November 2016, Defendants hired Ms. Datisha Hunter as a sales associate, selling services and products to customers.

      d.     Around February 2017, Defendants hired Ms. Latricia Hunter as a sales associate, selling services and products to customers.

      c.     Around September 2016, Defendants hired Mr. Wilfredo Rivera as a sales associate, selling services and products to customers.

47.     When they were hired, Plaintiffs never received any training, nor were they advised about the timekeeping policies and procedures at the Franchise Locations.

48.     Upon information and belief, when hired no class member received any training or was otherwise advised about the timekeeping policies and procedures at the Franchise Locations.

49.     Because employees were never trained nor advised about the timekeeping policies and procedures at the Franchise Locations, there are no accurate and/or correct time records for employees at the Franchise Locations.

50.     Upon information and belief, at all relevant times the Defendants relied on the point-of-sale software in each Franchise Location to track and/or record employee's hours.

51.     Upon information and belief, Defendants were able and in fact did modify and/or alter the employee hours captured in the point-of-sale software at each Franchise Location.

52.     Because Defendants were able and in fact did modify and/or alter the employee hours captured in the point-of-sale software at each Franchise Location, there are no accurate and/or correct time records for employees at the Franchise Locations.

53.     Upon information and belief, the point-of-sale software at each Franchise Location did not accurately and/or faithfully record and track employee hours.

54.     Upon information and belief, Defendants did not maintain complete and accurate schedules of days and hours that employees were assigned to work at the Franchise Locations.

55.     Upon information and belief, the point-of-sale software at each Franchise Location did not record or otherwise track sales commissions earned by employees.

56.     From approximately 2014 until June 2018, Defendants would assign each Plaintiff to work at any of the Franchise Locations, depending on their needs.

57.     At all relevant times, WirelessPCS Chicago, Sky Net IL and Hamad Brothers have:

a.     been a corporation organized under the laws of the State of Illinois with offices in this judicial district;

b.     conducted business within this judicial district;

c.     been an "enterprise engaged in commerce or in the production of good for commerce" within the definitions of §3(r) and §3(s) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§203(r), (s);

d.     employed employees in commerce within the meaning of §§3(b), 3(I), and 3(j) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§203 (b), (I), (j),

e.     jointly been Plaintiffs' "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/1 *et seq*.

58.     At all times relevant, Defendants failed to conspicuously post a notice of employee rights as required under the FLSA, IMWL, CCMWO, and CMWO at any of the Franchise Locations.

59.     At all times relevant, Defendants failed to inform Plaintiffs of their employee rights under the FLSA, IMWL, CCMWO, and CMWO.

60.     On information and belief, Defendants failed to inform Class of their employee rights under the FLSA, IMWL, CCMWO, and CMWO.

61.     From approximately 2014 through June 2018, Defendants paid the Plaintiffs and Class some regular wages for their work. However, that rate was not always as high as the applicable minimum wage. Further, that rate was not always for all the hours worked.

62.     In any given week during employment with Defendants, Ms. Latricia Hunter worked as few as 9.0 hours and as many as 50.25 hours for defendants, while Ms. Datisha Hunter worked as few as 27.25 hours and as many as 63.75 hours, and Mr. Wilfredo Rivera worked as few as 13 hours and as many as 54 hours.

63.     From approximately 2014 through June 2018, Defendants typically had one shift at each Location, open until close, 10:00 a.m. to 7:00 p.m. While each Franchise Location technically closes at 7:00 p.m., employees still had to finish serving customers who were in the store at 7:00 p.m. and then complete closing duties, frequently 15 minutes later each night, and sometimes later if it was particularly busy.

64.     At all relevant times, when Plaintiffs and Class members were responsible for opening a Franchise Location at the start of a shift, they were required to unlock the door, turn off the alarm, turn on the lights, flip the sign to indicate the store was open, assist customers that were waiting, and conduct opening chose prior to turning on the computer.

65.     Upon information and belief, at all relevant times, when Plaintiffs and Class members worked a partial shift that did not include opening responsibilities, said employees began their shift by debriefing with the employee who was already working (usually around 10 minutes), counted the register if there was a float (usually 5 minutes), helped any customers requiring assistance, then opened their register unless something else more pressing required their attention.

66.     Upon information and belief, with the exception of one Area Manager over all the Locations at any given time, all other Illinois employees were hourly workers selling cell phones,

cell phone accessories, and cell phone service. However, some of these employees were misclassified as salaried or paid on some basis other than hourly.

67.     From approximately 2014 through June 2018, the Plaintiffs and Class worked without a lunch break. Typically, one employee was assigned to each of the Franchise Locations for a full shift each day, 10:00 a.m. to 7:00 p.m.

68.     Upon information and belief, when the Plaintiffs and the Class started their employment with Defendants, they were not provided credentials for the point-of-sale software for some period of time and, therefore, their hours worked and commissions earned were not being recorded or otherwise logged.

69.     Wilfredo Rivera was not provided credentials for the point-of-sale software for approximately the first month of his employment and, therefore, his hours worked and commissions earned during that time period were not recorded or otherwise logged by Defendants.

70.     From approximately 2014 through June 2018, Ms. Datisha Hunter usually worked 7 days a week while Ms. Latricia Hunter usually worked 5-6 days a week and Mr. Wilfredo Rivera usually worked 6 days a week, usually split between two locations.

71.     Moreover, during weeks when Ms. Datisha Hunter, Ms. Latricia Hunter, and Mr. Wilfredo Rivera worked more than forty hours, they were usually not paid overtime wages at one and one-half times their regular rate of pay.

72.     On information and belief, Defendants failed to pay Class overtime wages at one and one-half times their regular rate of pay.

73.     Defendants' failure to pay Plaintiffs and Class one and a half times their regular rate of pay for all hours worked in excess of 40 hours per week violated the Fair Labor Standards Act of 1938, as amended.

74. During a period from around November 8, 2017 through November 22, 2017, Plaintiffs were not paid any wages for the hours they worked or any earned commissions.

75. On information and belief, from around November 8, 2017 through around November 22, 2017, no class members were paid any wages for the hours they worked or any earned commissions.

76. Moeen Hasan Khalil and Saed Hasan Khalil were aware that plaintiffs and class members were not paid from around November 8, 2017 through around November 22, 2017.

77. Defendants failed to remedy the failure to pay and continued operations despite financial adversity to the Plaintiffs and the Class during the period of nonpayment.

78. Starting around November 2017, Plaintiffs and Class members were required to attend monthly meetings at various Locations, but they were not paid for travel time to and from the Location or for the time spent at the meeting. The meetings lasted approximately 3 hours.

79. There were times when Wilfredo Rivera was directed to stay until 8 p.m. by Ahmad Hamad or others but, was not paid for the additional hour that the store remained open past its normal time.

80. There were times when Wilfredo Rivera was scheduled to work certain hours but worked past those hours. When reviewing his paycheck, his hours were short. He quested Ahmad Hamad about the shortage and Ahmad Hamad said that he would only be paid for the hours he was scheduled to work.

81. Defendants made unlawful deductions from Plaintiffs and Class Members' wages in violation of the IWPCA.

82. Defendants did not get written prior approval for the unlawful deductions from Plaintiffs and Class Members.

14

83.     Section (9) of the Illinois Wage Payment and Collection Act prohibits an employer from deducting wages from an employee unless certain, limited, exceptions apply. 820 ILCS 115/9. Here none apply.

84.     The relevant portion of Section (9) of the IWPCA states: "Except as hereinafter provided, deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made." 820 ILCS 115/9.

85.     Defendants cannot take deductions from the putative class members' wages without explicit, written and signed authorization provided *before* money is deducted from their wages.

86.     Furthermore, Plaintiffs earned commissions for sales made including of cell phones, cell phone accessories, and cell phone service. However, Defendants did not always pay Plaintiffs and Class members their earned commission and/or only paid part of that commission.

87.     In addition, Defendants purported to "split" Plaintiffs and Class members' earned commissions with other employees without notice to Plaintiffs and Class Members and without agreement from Plaintiffs and Class Members.

88.     In or about August 2017, Ms. Latricia Hunter was fired by Defendants after she complained about wage payment issues.

89.     Sky Net IL, WirelessPCS Chicago, Moen Hasan Khalil and/or Saed Hasan Khalil terminated Ms. Datisha Hunter's employment on or around June 6, 2018.

90.     Upon information and belief, Datisha Hunter was the only employee whose employment ended when ownership, management and operation of the Franchise Locations was transferred to new owners.

91.     Sky Net IL, WirelessPCS Chicago, Moen Hasan Khalil and/or Saed Hasan Khalil fired Datisha Hunter in retaliation for filing instant lawsuit and complaining about wage payment issues.

92.     Alternatively, Sky Net IL, WirelessPCS Chicago, Moen Hasan Khalil and/or Saed Hasan Khalil caused Datisha Hunter's termination in retaliation for filing instant lawsuit and complaining about wage payment issues.

## CLASS ALLEGATIONS AGAINST DEFENDANTS

93.     Plaintiffs will seek to certify the state law claims against WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil arising under the IMWL for Illinois-mandated minimum wages (Count III), overtime wages (Count IV); those arising under the IWPCA for unpaid wages and commissions (Count V), unlawful deductions (Count VI), and unpaid commissions (Count VII); those arising under the CCMWO for Cook County-mandated minimum wages (Count VIII), overtime wages (Count IX); and those arising under the CMWO for Chicago-mandated minimum wages (Count X) and overtime wages (Count XI) as class claims. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes where applicable and to direct WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil to account for all time worked and wages paid to the class members during the temporality of the class.

94.     The "Class Period" is defined as any time since February 7, 2015 to the date a final judgment is entered in this matter for each claim except for the IWPCA claim, for which it is defined as any time since February 7, 2008 to the date a final judgment is entered in this matter.

95.     The class is defined as:

All individuals employed by Defendants in Illinois to sell cell phones, cell phone accessories, and cell phone services, regardless of the specific job title or titles used to describe such individuals in Defendants' data systems during the Class period who (a) were not paid minimum wages for all time worked; (b) worked more than 40 hours in one or more individual workweeks and were not paid appropriate overtime; (c) were not paid for all time worked, (d) were subjected to unlawful deductions; and/or (e) were not paid all earned commissions ("the Class").

96.     The minimum wage rate for the Class Period under:

a.      federal law is $7.25 per hour. 29 U.S.C. § 206.

b.      Illinois law is $8.25 per hour. 820 ILCS 105/4(a)(1).

c.      Cook County ordinance is $10.00 per hour from July 1, 2017 through June 30, 2018 and $11.00 per hour from July 1, 2018 through June 30, 2019. Cook County Minimum Wage Ordinance, Ord. No. 16-5768, § 42-9(a) and (b).

d.      Chicago ordinance is $10.00 per hour from July 1, 2015 through June 30, 2016; $10.50 per hour from July 1, 2016 through June 30, 2017; $11.00 per hour from July 1, 2017 through June 30, 2018; and $12.000 per hour from July 1, 2018 through June 30, 2019. Chicago Municipal Code 1-24-020 (a)-(d).

97.     Counts III through VIII against WirelessPCS Chicago, Sky Net IL, Moeen Hasan

Khalil, and Saed Hasan Khalil are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

a.      The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed in excess of 125 employees during the respective Class Period;

b.      There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

i.      Whether Plaintiff and the Class are WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's employees;

ii.     Whether WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil failed to pay Plaintiff and the Class the mandated minimum wage for all time worked in individual work weeks during the Class Period;

iii.    Whether WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil failed to pay Plaintiff and the Class overtime wages for

all time worked over forty (40) hours in individual work weeks during the Class Period;

    iv.    Whether WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil failed to pay Plaintiff and the Class earned commissions in individual work weeks during the Class Period; and

    v.    Whether WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil unlawfully deducted pay from Plaintiff and the Class in individual work weeks during the Class Period.

c.    The class representatives and the members of the class have been equally affected by WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Illinois minimum wages, overtime wages, and other earned wages;

d.    Members of the class will be reluctant to bring forth claims for unpaid wages for fear of retaliation; and

e.    The class representatives, class members, and WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, Saed Hasan Khalil, and the Court.

98.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**Count I**
**Violation of the FLSA – Minimum Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Section 216(b) Collective Action against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

99.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 as though set forth herein.

100.    This Count arises from WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the FLSA for Defendants' failure to pay Plaintiffs and other

similarly situated workers for all time worked which resulted in being paid less than the federally required minimum wage.

101. During the relevant period WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil are and have been a joint employer as follows:

    a.    From at least 2014 through June 2018, WirelessPCS Chicago and Sky Net IL owned, managed and operated the Franchise Locations;

    b.    For a time period in 2017, WirelessPCS Chicago and Sky Net IL delegated some but not all of the responsibility of day-to-day operations of the Franchise Locations to Hamad Brothers as another alter-ego of Defendants;

    c.    For a time period in 2017, WirelessPCS Chicago and Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil retained some of the responsibility of day-to-day operations of the Franchise Locations;

    d.    During the time period during which Hamad Brothers and Ghaben were responsible for some but not all of the day-to-day operations, WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil retained the financial control over the Franchise Locations and was financially responsible for paying wages to employees;

    e.    During the time period during which Hamad Brothers and Ghaben were responsible for some but not all of the day-to-day operations, WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil each profited or had the potential to profit from operation of the Franchise Locations.

102. Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

103. Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

104. Defendants paid some employees on a basis other than hourly with overtime as they were misclassified, so they were not compensated at least at the federal minimum wage rate for all time worked.

19

105.     Plaintiffs and other similarly situated employees were entitled to be compensated at least at the federal minimum wage rate pursuant to the FLSA.

106.     WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees at least at the federal minimum wage rate for all time worked.

107.     Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for more than three (3) years prior to the filing of this lawsuit because WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.     That the Court determines that this action may be maintained against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as a collective action pursuant to Section 216(b) of the FLSA;

B.     A judgment against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil;

C.     Liquidated damages against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil in the amount equal to the unpaid minimum wages;

D.     That the Court declare that WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil violated the FLSA;

E.     That the Court enjoin WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil from violating the FLSA;

C.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – Overtime Wages
### Plaintiffs on behalf of themselves and similarly situated employees
### Section 216(b) Collective Action against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil

108.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

109.    This Count arises from WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the FLSA for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

110.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

111.    Plaintiffs were not exempt from the overtime provisions of the FLSA.

112.    Some Class members were misclassified by Defendants.

113.    Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

114.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

115.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

116. WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

117. WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

118. WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil willfully violated the Fair Labor Standards Act of 1938, as amended.

119. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A. That the Court determines that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil worked in excess of forty (40) hours in individual work weeks;

C. A judgment against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

D. Liquidated damages against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil in the amount equal to the unpaid wages;

E. That the Court declare the WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil violated the FLSA;

F. That the Court enjoin WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil from continuing to violate the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the IMWL – Minimum Wages**
**Plaintiff on behalf of himself and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

120. Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

121. This Count arises from WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the IMWL for WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs and similarly situated employees at least the Illinois-mandated minimum wages for all time worked in individual work weeks.

122. Plaintiffs were directed to work by WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil and, in fact, did work but were not compensated at least at the Illinois minimum wage rate for all time worked.

123. Other similarly situated employees, likewise, were directed to work by WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil and did work but were not compensated at least at the Illinois minimum wage rate for all time worked.

124. Pursuant to 820 ILCS 105/4, Plaintiffs and other similarly situated employees were entitled to be compensated at least the then applicable Illinois-mandated minimum wage rate for all time worked.

125.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil violated the IMWL by failing to compensate Plaintiffs and other similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

126.    The Class that Plaintiffs seek to represent in regard to the minimum wages claim arising under the IMWL is composed of and defined as all persons who have been employed by WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as sales staff employees since February 7, 2015 to the date a final judgment is entered in this matter.

WHEREFORE, Plaintiffs and the Class they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of all minimum wages due to Plaintiffs and the Class as provided by the IMWL;

C.    Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    That the Court declare that WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil have violated the IMWL;

E.    That the Court enjoin WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil from violating the IMWL;

F.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 et seq.;

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the IMWL – Overtime Wages**
**Plaintiff on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

127.     Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

128.     This Count arises from WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the IMWL for WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs and similarly situated employees the overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

129.     Plaintiffs were, at all times for which this Complaint seeks unpaid overtime, an "employee" within the definition of §3(d) of the Illinois Minimum Wage Law. 820 ILCS 105/3(d).

130.     WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil were, at all times for which this Complaint seeks unpaid overtime, an "employer" within the definition of §3(c) of the Illinois Minimum Wage Law. 820 ILCS 105/3(c).

131.     WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

132.     Plaintiffs were not exempt from the overtime provisions of the IMWL.

133.     Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

134.     WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

135.     WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs one and a half times their regular rate of pay for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

136.     Plaintiffs and members of the class are entitled to recover unpaid wages for the duration of the IMWL Class Period, from three (3) years prior to the filing of the lawsuit up until the entry of judgment on this case.

137.     The Class that Plaintiffs seek to represent in regard to the overtime claim arising under the IMWL is composed of and defined as all persons who have been employed by WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil as employees since February 7, 2015 to the date a final judgment is entered in this matter.

WHEREFORE, Plaintiffs and the Class they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment against WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil in the amount of unpaid overtime wages for Plaintiff and the Class as provided by the IMWL;

C.     Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a) (2% of the amount of any such underpayment for each month following the date of payment during which such underpayment remains unpaid);

D.     That the Court declare WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil violated the IMWL;

E.     That the Court enjoin WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil from violating the IMWL;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12(a), and

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the IWPCA – Unpaid Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil**

138.     Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

139.     This Count arises from WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the IWPCA for its failure to pay Plaintiffs and the Class they represent wages, including commissions, earned for all time worked at the rate agreed to by the parties.

140.     During the course of their employment with WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil, Plaintiffs had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate with agreed upon commissions.

141.     Other similarly situated employees likewise had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate with agreed upon commissions.

142.     WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil had a practice of not paying Plaintiffs and other similarly situated employees all compensation at the rate agreed to by the Parties. For example, WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil had a practice of not compensating Plaintiffs and other similarly situated employees for work completed prior to the shift start or after the scheduled shift end.

143.    By way of another example, Defendants had a practice of not compensating Plaintiffs and other similarly situated employees' commissions or for hours work during the first few weeks of their employment.

144.    Similarly, WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil agreed to pay Plaintiffs and other similarly situated employees $1.00 per cell phone sold, $2.00 per application sold; and a percent of the sale price of various accessories. However, WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil did not always pay those commissions.

145.    Plaintiffs and the Class they represent members were entitled to be paid for all time worked at the rate agreed to by the parties including the agreed-upon commissions.

146.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs and the Class they represent for all time worked at the rate agreed to by the parties violated the IWPCA.

147.    Plaintiffs and the Class are entitled to recover owed wages for a period extending back to 2008.

WHEREFORE, Plaintiffs and the Class pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of all back wages due Plaintiff and the Class as provided by the IWPCA;

C.    Statutory damages for Plaintiff and the Class as provided by the IWPCA;

D.    That the Court declare that the WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil have violated the IWPCA;

E.    That the Court enjoin WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil from violating the IWPCA;

F.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Violation of the IWPCA – Unlawful Deductions**
**Plaintiff on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil**

148.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

149.    The IWPCA provides that "deductions by employers from wages without written authorization or final compensation are prohibited" unless the employer can meet their burden of proving certain narrow exceptions apply. IWPCA, 820 ILCS 115/9.

150.    Defendants made deductions from Plaintiffs' earned wages and cannot meet their burden of proving the applicability of any claimed exception to the IWPCA, 820 ILCS 115/9.

151.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and Class Members have suffered and will continue to suffer improper wage deductions and other damages.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil, jointly and severally, for a sum that will properly compensate Plaintiffs, under the law, for the improper deductions and the costs of this action as follows:

A.    That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    Declare and find that Defendants violated the IWPCA;

C. Award compensatory damages, *i.e.*, all improper deductions made from Plaintiffs' earned wages without written, signed contemporaneous authorization, in an amount according to proof;

D. Award 2% interest, per month, on the amount of all deductions made by Defendants from the time the illegal deductions were made to the date such deductions are repaid in full;

E. Award all costs and reasonable attorneys' fees and costs incurred in prosecuting this claim; and

F. Such other and further relief as this Court deems appropriate and just.

**COUNT VII**
**Violation of the IWPCA –Unpaid Commissions**
**Plaintiff on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

152. Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

153. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115/4, 820 ILCS 115/5, for Defendants' failure and refusal to pay Plaintiffs all the wages they earned pursuant to the agreement between Plaintiffs and Defendants.

154. Plaintiffs were entitled to be paid commissions based on the sale of cell phones, accessories, and services at the Franchise Locations.

155. Plaintiffs were entitled to be compensated as agreed to by the parties.

156. Defendants failed to pay Plaintiffs according to the agreement between the parties

157. Defendants withheld some or all of Plaintiffs' commissions.

158. Defendants purported to "split" commissions without prior approval.

159. Defendants did not always give the "split" commissions to other employees, but retained the commissions.

160. Defendants failed to pay Plaintiffs according to the agreement between the parties.

161.    Defendants' failure to pay Plaintiffs according to the agreement between the parties violated the IWPCA.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moen Hasan Khalil, and Saed Hasan Khalil, jointly and severally, for a sum that will properly compensate Plaintiffs, under the law, for the improper deductions and the costs of this action as follows:

A.    That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    Declare and find that Defendants violated the IWPCA;

C.    Award compensatory damages, *i.e.*, all unpaid commissions, in an amount according to proof;

D.    Award 2% interest, per month, on the amount of all deductions made by Defendants from the time the illegal deductions were made to the date such deductions are repaid in full;

E.    Award all costs and reasonable attorneys' fees and costs incurred in prosecuting this claim; and

F.    Such other and further relief as this Court deems appropriate and just.

### COUNT VIII
### Violation of the CCMWO – Minimum Wages
### Plaintiffs on behalf of themselves and similarly situated employees
### Class Action against WirelessPCS Chicago, Sky Net IL,  Moen Hasan Khalil, and Saed Hasan Khalil

162.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

163.    This Count arises from WirelessPCS Chicago, Sky Net IL,  Moen Hasan Khalil, and Saed Hasan Khalil's violation of the Cook County Minimum Wage Ordinance ("CCMWO") for WirelessPCS Chicago, Sky Net IL,  Moen Hasan Khalil, and Saed Hasan Khalil's failure to

pay Plaintiffs and other similarly situated workers for all time worked which resulted in being paid less than the Cook County required minimum wage.

164.    Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the Cook County minimum wage rate for all time worked.

165.    Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

166.    Plaintiffs and other similarly situated employees were entitled to be compensated at least at the Cook County minimum wage rate pursuant to the CCMWO.

167.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil violated the CCMWO by failing to compensate Plaintiffs and other similarly situated employees at least at the Cook County minimum wage rate for all time worked.

168.    Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for more than three (3) years prior to the filing of this lawsuit because WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the CCMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of the difference between the Cook County-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil;

C.    Liquidated damages in the amount equal to twice the unpaid minimum wages;

D.     That the Court declare that WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil violated the CCMWO;

E.     That the Court enjoin WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil from violating the CCMWO;

F.     Reasonable attorneys' fees and costs of this action as provided by the CCMWO; and

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT IX**
**Violation of the CCMWO – Overtime Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil**

169.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

170.    This Count arises from WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the CCMWO for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

171.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

172.    Plaintiffs were not exempt from the overtime provisions of the CCMWO.

173.    Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

174.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

175.     WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CCMWO.

176.     WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

177.     WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CCMWO.

178.     WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil willfully violated the CCMWO.

179.     Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the CCMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

G.     That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

H.     A judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of unpaid overtime wages for all time Plaintiffs and similarly situated employees of WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil worked in excess of forty (40) hours in individual work weeks;

I.      A judgment against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

J.      Liquidated damages in the amount equal to twice the unpaid minimum wages;

K.      That the Court declare the WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil violated the CCMWO;

L.      That the Court enjoin WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil from continuing to violate the CCMWO;

M.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

N.      Such other and further relief as this Court deems appropriate and just.

**COUNT X**
**Violation of the CMWO – Minimum Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

180.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

181.    This Count arises from WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the Chicago Minimum Wage Ordinance ("CMWO") for Defendants' failure to pay Plaintiffs and other similarly situated workers for all time worked which resulted in being paid less than Chicago required minimum wage.

182.    Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the Chicago minimum wage rate for all time worked.

183.    Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the Chicago minimum wage rate for all time worked.

184.    Plaintiffs and other similarly situated employees were entitled to be compensated at least at the Chicago minimum wage rate pursuant to the CMWO.

35

185.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil violated the CMWO by failing to compensate Plaintiffs and other similarly situated employees at least at the Chicago minimum wage rate for all time worked.

186.    Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for more than three (3) years prior to the filing of this lawsuit because WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the CMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of the difference between the locally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil;

C.    Liquidated damages against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount equal to twice the unpaid minimum wages;

D.    That the Court declare that WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil violated the CMWO;

E.    That the Court enjoin WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil from violating the CMWO;

F.    Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT XI**
**Violation of the CMWO – Overtime Wages**
**Plaintiffs on behalf of themselves and similarly situated employees**
**Class Action against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil**

187.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

188.    This Count arises from WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the CMWO for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

189.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

190.    Plaintiffs were not exempt from the overtime provisions of the CMWO.

191.    Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

192.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

193.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CMWO.

194.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

195.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CMWO.

196.    WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil willfully violated the CMWO.

197.    Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil's violation of the CMWO was willful.

WHEREFORE, Plaintiffs and the similarly situated employees they seek to represent pray for a judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.      That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.      A judgment in the amount of unpaid overtime wages for all time Plaintiffs and similarly situated employees of WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil worked in excess of forty (40) hours in individual work weeks;

C.      A judgment against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

D.      Liquidated damages against WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil in the amount equal to twice the unpaid minimum wages;

E.     That the Court declare the WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil violated the CMWO;

F.     That the Court enjoin WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil from continuing to violate the CMWO;

G.     Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

H.     Such other and further relief as this Court deems appropriate and just.

**COUNT XII**
**Violation of the FLSA – Retaliation**
**Plaintiff Latricia Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

198.     Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

199.     In July 2017, Plaintiff Latricia Hunter did not receive a paycheck from Defendants WirelessPCS Chicago, Sky Net IL, Hamad Brothers, Moeen Hasan Khalil, and Saed Hasan Khalil.

200.     She complained to Mr. Mo Hamad, her boss and agent for her employer (WirelessPCS Chicago, Sky Net IL, and Hamad Brothers), that she was not paid.

201.     Mr. Mo Hamad did not remedy the situation.

202.     On information and belief Mr. Mo Hamad is actually Mohammed Ghaben.

203.     By August 2017, Plaintiff Latricia Hunter's paychecks were still irregularly issued and commissions were missing from her check, so she complained again to Mr. Mo Hamad by text on August 11, August 17, and August 24, 2017.

204.     Mr. Mo Hamad paid her cash for some of the wages due, but did not give her any of the commissions due.

205.     Mr. Mo Hamad removed Plaintiff Latricia Hunter from the schedule, constructively discharging her from her employment with Defendants WirelessPCS Chicago, Sky Net IL, and Hamad Brothers.

206. Plaintiff Latricia Hunter questioned Mr. Mo Hamad regarding her schedule on August 27 and September 3, 2017, to no avail.

207. A man named Ali Anaz had installed the new POS system for Defendants and had identified himself as Mr. Hamad's boss. Thus, Ms. Latricia Hunter texted him about the wage violations on September 13 and 18, 2017, to no avail.

208. Defendants fired Ms. Latricia Hunter because of her complaints of wage violations.

209. Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the FLSA to Defendants WirelessPCS Chicago, Sky Net IL, and Hamad Brothers.

210. Defendants WirelessPCS Chicago, Sky Net IL, Hamad Brothers, Moeen Hasan Khalil, and Saed Hasan Khalil terminated Plaintiff Latricia Hunter in retaliation for making internal complaints to Defendants WirelessPCS Chicago, Sky Net IL, and Hamad Brothers regarding Defendants WirelessPCS Chicago, Sky Net IL, and Hamad Brothers' failure to properly pay in violation of Section 215(a)(3) of the FLSA.

211. Defendants WirelessPCS Chicago, Sky Net IL, Hamad Brothers, Moeen Hasan Khalil, and Saed Hasan Khalil willfully violated the anti-retaliation provisions of the FLSA.

212. As a direct and proximate result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hamad Brothers, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful retaliatory conduct in violation of the FLSA, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A. Entering a finding that Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil have violated the anti-retaliation provisions of the FLSA by firing Plaintiff Latricia Hunter;

B. Awarding Plaintiff Latricia Hunter the value of all lost compensation and benefits as a result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful conduct;

C. Awarding Plaintiff Latricia Hunter the value of compensation and benefits she will lose in the future, as a result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful conduct;

D. Awarding Plaintiff Latricia Hunter liquidated damages equal to the lost wages;

E. Awarding Plaintiff Latricia Hunter reinstatement;

F. Awarding Plaintiff Latricia Hunter damages for emotional distress;

G. Awarding Plaintiff Latricia Hunter compensatory damages;

H. Reasonable attorneys' fees and costs of this action;

I. Awarding Plaintiff Latricia Hunter pre-judgment interest;

J. Awarding Plaintiff Latricia Hunter punitive damages; and

K. Such other and further relief as this Court deems appropriate and just.

**COUNT XIII**
**Violation of the FLSA – Retaliation**
**Plaintiff Datisha Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

213. Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

214. Plaintiff Datisha Hunter complained of wage violations by filing instant suit on February 7, 2018.

215. Defendants WirelessPCS Chicago Chicago LLC and Sky Net IL Wireless IL LLC ("Wireless Defendants") sold their interest in the Franchise Locations to new owners in or around June 2018.

216.    Plaintiff Datisha Hunter was fired by the Wireless Defendants, Moeen Hasan Khalil, and Saed Hasan Khalil in or around June 2018 because of her complaints of wage violations.

217.    On information and belief, only Plaintiff Datisha Hunter was terminated in the transition of ownership to the new owners.

218.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil fired Ms. Datisha Hunter because of her complaints of wage violations through instant lawsuit.

219.    Plaintiff Datisha Hunter engaged in a statutorily protected activity when she filed instant lawsuit under the FLSA.

220.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil terminated Plaintiff Datisha Hunter in retaliation for filing instant lawsuit regarding Defendants' failure to properly pay in violation of Section 215(a)(3) of the FLSA.

221.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil willfully violated the anti-retaliation provisions of the FLSA.

222.    As a direct and proximate result of WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful retaliatory conduct in violation of the FLSA, Plaintiff Datisha Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Datisha Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

L.      Entering a finding that Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil have violated the anti-retaliation provisions of the FLSA by firing Plaintiff Datisha Hunter;

M.      Awarding Plaintiff Datisha Hunter the value of all lost compensation and benefits as a result of Defendants' unlawful conduct;

N.  Awarding Plaintiff Datisha Hunter the value of compensation and benefits she will lose in the future, as a result of Defendants' unlawful conduct;

O.  Awarding Plaintiff Datisha Hunter liquidated damages equal to the lost wages;

P.  Awarding Plaintiff Datisha Hunter reinstatement;

Q.  Awarding Plaintiff Datisha Hunter damages for emotional distress;

R.  Awarding Plaintiff Datisha Hunter compensatory damages;

S.  Reasonable attorneys' fees and costs of this action;

T.  Awarding Plaintiff Datisha Hunter pre-judgment interest;

U.  Awarding Plaintiff Plaintiff Datisha Hunter punitive damages; and

V.  Such other and further relief as this Court deems appropriate and just.

**COUNT XIV**
**Violation of the IWPCA – Retaliation**
**Plaintiff Latricia Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

223.  Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

224.  Plaintiff Latricia Hunter complained of wage violations under the Illinois Wage Payment and Collection Act ("IWPCA") to Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil.

225.  Defendants fired Plaintiff Latricia Hunter because of her complaints of wage violations.

226.  Defendants retaliated against Plaintiff Latricia Hunter in violation of the IWPCA by firing her because she complained of unlawful actions under the IMWL.

227.  Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the IWPCA to Defendants pursuant to 820 ILCS 115/14(c).

228.     Defendants terminated Plaintiff Latricia Hunter in retaliation for making internal complaints to Defendants regarding Defendants' failure to properly pay in violation of the IWPCA. 820 ILCS 115/14(c).

229.     Defendants willfully violated the anti-retaliation provisions of the IWPCA.

230.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the IWPCA, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Latricia Hunter pray for a judgment against Defendants WirelessPCS Chicago, Sky Net IL,  Moen Hasan Khalil, and Saed Hasan Khalil as follows:

A.     Entering a finding that Defendants have violated the anti-retaliation provisions of the IWPCA by firing Plaintiff Latricia Hunter;

B.     Awarding Plaintiff Latricia Hunter the value of all lost compensation and benefits as a result of Defendants' unlawful conduct;

C.     Awarding Plaintiff Latricia Hunter the value of compensation and benefits she will lose in the future, as a result of Defendants' unlawful conduct;

D.     Awarding Plaintiff Latricia Hunter liquidated damages equal to the lost wages;

E.     Awarding Plaintiff Latricia Hunter reinstatement;

F.     Awarding Plaintiff Latricia Hunter damages for emotional distress;

G.     Awarding Plaintiff Latricia Hunter compensatory damages;

H.     Reasonable attorneys' fees and costs of this action;

I.     Awarding Plaintiff Latricia Hunter pre-judgment interest;

J.     Awarding Plaintiff Latricia Hunter punitive damages; and

K.     Reasonable attorneys' fees and costs of this action; and

L.     Such other and further relief as this Court deems appropriate and just.

**COUNT XV**
**Violation of the IWPCA – Retaliation**
**Plaintiff Datisha Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil,**
**and Saed Hasan Khalil**

231.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

232.    Plaintiff Datisha Hunter complained of wage violations under the IWPCA to WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil.

233.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil fired Ms. Datisha Hunter because of her complaints of wage violations.

234.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil retaliated against Plaintiff Datisha Hunter in violation of the IWPCA by firing her because she complained of unlawful actions under the IMWL by filing instant suit.

235.    Plaintiff Datisha Hunter engaged in a statutorily protected activity when she complained of wage violations under the IWPCA to Defendants pursuant to 820 ILCS 115/14(c).

236.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil terminated Plaintiff Datisha Hunter in retaliation for filing instant suit against Defendants regarding Defendants' failure to properly pay in violation of the IWPCA. 820 ILCS 115/14(c).

237.    WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil willfully violated the anti-retaliation provisions of the IWPCA.

238.    As a direct and proximate result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful retaliatory conduct in violation of the IWPCA, Plaintiff Datisha Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

45

WHEREFORE, Plaintiff Datisha Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

M.    Entering a finding that Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil have violated the anti-retaliation provisions of the IWPCA by firing Plaintiff Datisha Hunter;

N.    Awarding Plaintiff Datisha Hunter the value of all lost compensation and benefits as a result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful conduct;

O.    Awarding Plaintiff Datisha Hunter the value of compensation and benefits she will lose in the future, as a result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful conduct;

P.    Awarding Plaintiff Datisha Hunter liquidated damages equal to the lost wages;

Q.    Awarding Plaintiff Datisha Hunter reinstatement;

R.    Awarding Plaintiff Datisha Hunter damages for emotional distress;

S.    Awarding Plaintiff Datisha Hunter compensatory damages;

T.    Reasonable attorneys' fees and costs of this action;

U.    Awarding Plaintiff Datisha Hunter pre-judgment interest;

V.    Awarding Plaintiff Datisha Hunter punitive damages; and

W.    Reasonable attorneys' fees and costs of this action; and

X.    Such other and further relief as this Court deems appropriate and just.

### COUNT XVI
### Violation of the CCMWO – Retaliation
### Plaintiff Latricia Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil

239.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

240.    Plaintiff Latricia Hunter complained of wage violations under the CCMWO to Defendants.

241.    Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the CCMWO to Defendants pursuant to Sec. 42-20.

242.    Defendants fired Plaintiff Latricia Hunter because of her complaints of CCMWO wage violations.

243.    Defendants retaliated against Plaintiff Latricia Hunter in violation of the CCMWO by firing her because she complained of unlawful actions under the CCMWO.

244.    Defendants terminated Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of the CCMWO. *Sec*. 42-20.

245.    Defendants willfully violated the anti-retaliation provisions of the CCMWO.

246.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the CCMWO, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    A judgment in the amount of the monetary and/or other economic harm Plaintiff Latricia Hunter suffered as a result of the illegal termination;

B.    Treble damages;

C.    Reasonable attorneys' fees and costs of this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT XVII
### Violation of the CCMWO – Retaliation
**Plaintiff Datisha Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

247.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

248.    Plaintiff Datisha Hunter complained of wage violations under the CCMWO to Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil.

249.    Plaintiff Datisha Hunter engaged in a statutorily protected activity when she complained of wage violations under the CCMWO by filing instant suit against Defendants pursuant to Sec. 42-20.

250.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil fired Plaintiff Datisha Hunter because of her complaints of CCMWO wage violations.

251.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil retaliated against Plaintiff Datisha Hunter in violation of the CCMWO by firing her because she complained of unlawful actions under the CCMWO.

252.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil terminated Plaintiff Datisha Hunter because of her complaints of pay violations was a violation of the CCMWO. *Sec*. 42-20.

253.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil willfully violated the anti-retaliation provisions of the CCMWO.

254.    As a direct and proximate result of Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil's unlawful retaliatory conduct in violation of the CCMWO, Plaintiff Datisha Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Datisha Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

E.    A judgment in the amount of the monetary and/or other economic harm Plaintiff Datisha Hunter suffered as a result of the illegal termination;

F.      Treble damages;

G.      Reasonable attorneys' fees and costs of this action; and

H.      Such other and further relief as this Court deems appropriate and just.

**COUNT XVIII**
**Violation of the CMWO – Retaliation**
**Plaintiff Latricia Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil,**
**and Saed Hasan Khalil**

255.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

256.    Plaintiff Latricia Hunter complained of wage violations under the CMWO to Defendants.

257.    Plaintiff Latricia Hunter engaged in a statutorily protected activity when she complained of wage violations under the CMWO to Defendants pursuant to 1-24-080.

258.    Defendants fired Plaintiff Latricia Hunter because of her complaints of CMWO wage violations.

259.    Defendants retaliated against Plaintiff Latricia Hunter in violation of the CMWO by firing her because she complained of unlawful actions under the CMWO.

260.    Defendants terminated Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of the CMWO. 1-24-080.

261.    Defendants willfully violated the anti-retaliation provisions of the CMWO.

262.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the CMWO, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL,  Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A. A judgment in the amount of the monetary and/or other economic harm Plaintiff Latricia Hunter suffered as a result of the illegal termination;

B. Liquidated damages in the amount equal to twice the unpaid minimum wages;

C. Reasonable attorneys' fees and costs of this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT XIX**
**Violation of the CMWO – Retaliation**
**Plaintiff Datisha Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

263. Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

264. Plaintiff Datisha Hunter complained of wage violations under the CMWO to WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and/or Saed Hasan Khalil by filing instant suit.

265. Plaintiff Datisha Hunter engaged in a statutorily protected activity when she complained filed instant suit under the CMWO against Defendants pursuant to 1-24-080.

266. Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil fired Plaintiff Datisha Hunter because of her complaints of CMWO wage violations.

267. Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil retaliated against Plaintiff Datisha Hunter in violation of the CMWO by firing her because she complained of unlawful actions under the CMWO.

268. Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil terminated Plaintiff Datisha Hunter because of her complaints of pay violations was a violation of the CMWO. 1-24-080.

269. Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil willfully violated the anti-retaliation provisions of the CMWO.

270.    As a direct and proximate result of Defendants WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil's unlawful retaliatory conduct in violation of the CMWO, Plaintiff Datisha Hunter has suffered and continues to suffer monetary and/or other economic harm as well as emotional distress.

WHEREFORE, Plaintiff Datisha Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    A judgment in the amount of the monetary and/or other economic harm Plaintiff Datisha Hunter suffered as a result of the illegal termination;

B.    Liquidated damages in the amount equal to twice the unpaid minimum wages;

C.    Reasonable attorneys' fees and costs of this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT XX
### Violation of the Illinois Whistleblower Act
### Plaintiff Latricia Hunter against WirelessPCS Chicago, Sky Net IL, Moen Hasan Khalil, and Saed Hasan Khalil

271.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

272.    Plaintiff Latricia Hunter complained of wage violations to Defendants.

273.    Defendants fired Plaintiff Latricia Hunter because of her complaints of illegal wage violations.

274.    Defendants retaliated against Plaintiff Latricia Hunter in violation of the Illinois Whistleblower Act, 740 ILCS 174 *et seq*., by firing her because she complained of unlawful actions.

275.    Defendants' termination of Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of the Illinois Whistleblower Act.

276.     Defendants knew or showed reckless disregard for the fact that their conduct was prohibited by law.

277.     Defendants' violation of the Illinois Whistleblower Act in terminating Plaintiff Latricia Hunter was willful, for which Plaintiff Latricia Hunter is entitled to an award of punitive and/or liquidated damages.

278.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

279.     As a direct and proximate result of Defendants' unlawful conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, stress and anxiety, embarrassment, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.     Reinstatement;

B.     Back pay with interest;

C.     Front pay for a reasonable period of time;

D.     Liquidated damages;

E.     Reasonable attorneys' fees and costs of this action; and

F.     Such other and further relief as this Court deems appropriate and just.

**COUNT XXI**
**Violation of the Illinois Whistleblower Act**
**Plaintiff Datisha Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil,**
**and Saed Hasan Khalil**

280.     Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

281.     Plaintiff Datisha Hunter complained of wage violations to Defendants.

282.     Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil fired Plaintiff Datisha Hunter because of their complaints of illegal wage violations.

283.     Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil retaliated against Plaintiff Datisha Hunter in violation of the Illinois Whistleblower Act, 740 ILCS 174 *et seq*., by firing her because she complained of unlawful actions.

284.     Defendants' termination of Plaintiff Datisha Hunter because of her complaints of pay violations was a violation of the Illinois Whistleblower Act.

285.     Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil knew or showed reckless disregard for the fact that their conduct was prohibited by law.

286.     Defendants' violation of the Illinois Whistleblower Act in terminating Plaintiff Datisha Hunter was willful, for which Plaintiff Datisha Hunter is entitled to an award of punitive and/or liquidated damages.

287.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Illinois Whistleblower Act, Plaintiff Datisha Hunter has suffered and continues to suffer monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

288.     As a direct and proximate result of Defendants' unlawful conduct in violation of the Illinois Whistleblower Act, Plaintiff Datisha Hunter has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, stress and anxiety, embarrassment, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

WHEREFORE, Plaintiff Datisha Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.     Reinstatement;

B.     Back pay with interest;

C.     Front pay for a reasonable period of time;

D.     Liquidated damages;

E.     Reasonable attorneys' fees and costs of this action; and

F.     Such other and further relief as this Court deems appropriate and just.

**COUNT XXII**
**Violation of the Common Law – Retaliatory Discharge**
**Plaintiff Latricia Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil**

289.     Plaintiffs incorporate and re-allege paragraphs 1 t through 98 and paragraph 101 as though set forth herein.

290.     Plaintiff Latricia Hunter complained of wage violations to Defendants.

291.     Defendants fired Plaintiff Latricia Hunter because of her complaints of illegal wage violations.

292.     Defendants retaliated against Plaintiff Latricia Hunter in violation of Illinois common law, by firing her because she complained of unlawful actions.

293.    Defendants terminated Plaintiff Latricia Hunter because of her complaints of pay violations was a violation of Illinois common law.

294.    Defendants knew or showed reckless disregard for the fact that their conduct was prohibited by law.

295.    Defendants' violation of the Illinois common law in terminating Plaintiff Latricia Hunter was willful, for which Plaintiff Latricia Hunter is entitled to an award of punitive and/or liquidated damages.

296.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

297.    As a direct and proximate result of Defendants' unlawful conduct in violation of the Illinois Whistleblower Act, Plaintiff Latricia Hunter has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, stress and anxiety, embarrassment, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

WHEREFORE, Plaintiff Latricia Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    Reinstatement;

B.    Back pay with interest;

C.    Front pay for a reasonable period of time;

D.    Emotional distress damages;

E.    Liquidated damages;

F.    Reasonable attorneys' fees and costs of this action; and

G.      Such other and further relief as this Court deems appropriate and just.

**COUNT XXIII**
**Violation of the Common Law – Retaliatory Discharge**
**Plaintiff Datisha Hunter against WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil,**
**and Saed Hasan Khalil**

298.    Plaintiffs incorporate and re-allege paragraphs 1 through 98 and paragraph 101 as though set forth herein.

299.    Plaintiff Datisha Hunter complained of wage violations to Defendants.

300.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil fired Plaintiff Datisha Hunter because of her complaints of illegal wage violations.

301.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil retaliated against Plaintiff Datisha Hunter in violation of Illinois common law, by firing her because she complained of unlawful actions.

302.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil terminated Plaintiff Datisha Hunter because of her complaints of pay violations was a violation of Illinois common law.

303.    Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil knew or showed reckless disregard for the fact that their conduct was prohibited by law.

304.    Defendants' violation of the Illinois common law in terminating Plaintiff Datisha Hunter was willful, for which Plaintiff Datisha Hunter is entitled to an award of punitive and/or liquidated damages.

305.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Illinois Whistleblower Act, Plaintiff Datisha Hunter has suffered and continues to

suffer monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

306.    As a direct and proximate result of Defendants' unlawful conduct in violation of the Illinois Whistleblower Act, Plaintiff Datisha Hunter has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, stress and anxiety, embarrassment, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

WHEREFORE, Plaintiff Datisha Hunter prays for a judgment against Defendants WirelessPCS Chicago, Sky Net IL, Moeen Hasan Khalil, and Saed Hasan Khalil as follows:

A.    Reinstatement;

B.    Back pay with interest;

C.    Front pay for a reasonable period of time;

D.    Emotional distress damages;

E.    Liquidated damages;

F.    Reasonable attorneys' fees and costs of this action; and

G.    Such other and further relief as this Court deems appropriate and just.

**Jury Demand**

Plaintiffs hereby respectfully demand a jury trial on all counts.

Dated:  March 21, 2022

Respectfully submitted,

By:    */s/ Bradley Levison*
       One of Plaintiffs' Attorneys

| | |
|---|---|
| Antoinette Choate<br>Choate Law<br>1932 S. Louie Parkway<br>Chicago, IL 60616<br>(312) 515-0156 | Bradley Levison<br>Herschman Levison Hobfoll PLLC<br>401 S. LaSalle St., Suite 1302G<br>Chicago, IL 60605<br>(312) 870-5800 |

**CERTIFICATE OF SERVICE**

I certify that on March 21, 2022, I electronically filed Plaintiffs' Third Amended Class Action Complaint with the Clerk of the United States District Court for Northern District of Illinois, using the CM/ECF system. I certify that participants in the case that are registered CM/ECF users were served by the CM/ECF system.

By:    */s/ Bradley Levison*
       One of Plaintiffs' Attorney